440 P.2d 311

**STATE of Arizona, Appellee,**

v.

**Earl York WILLIAMS, Appellant.**

**No. 1799.**

Supreme Court of Arizona.

In Banc.

May 1, 1968.

Darrell F. Smith, Atty. Gen., by Terry M. Pierce, Asst. Atty. Gen., for appellee.

John E. Lindberg, Tucson, for appellant.

UDALL, Vice Chief Justice:

The defendant, Earl York Williams, was charged in the Superior Court of Pima County with the crime of attempted murder. He subsequently entered a plea of guilty, was pronounced guilty and sentenced to the Arizona State Prison for a term of not less than twenty years and not more than twenty-five years. From this sentence, defendant appeals to this Court upon the ground that the sentence is excessive under Arizona law or, alternatively, that the applicable sections of Arizona law insofar as this crime is concerned, are unconstitutional.

An attempt to commit a crime where no provision is made by law for the punishment of such attempt, is made punishable by virtue of A.R.S. § 13–110. It provides, *inter alia,* that if the offense so attempted is punishable by imprisonment in excess of five years, the attempt will be punished by a term not exceeding one-half of the longest term of the imprisonment prescribed upon conviction for the offense so attempted. Construing defendant's plea in the instant case as one of guilty of attempt to murder in the second degree, A.R.S. § 13–453 prescribes the punishment as "imprisonment in the state prison for not less than ten years." Since the minimum limit only is here fixed, the penalty for this crime may be extended to life under the provision found in A.R.S. § 13–1644, for there it is expressly declared that "the court authorized to pronounce judgment upon such person may

sentence him to imprisonment during his natural life, or for any number of years not less than prescribed."

In previous cases before this Court in which defendant has been convicted of an attempt to commit a crime, the punishment for which may extend to life imprisonment, it has been argued that since the maximum penalty is life imprisonment and it is impossible to impose punishment of one-half of a life expectancy, no punishment exists and there is no crime. See State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966); State v. Mandel, 78 Ariz. 226, 278 P.2d 413 (1954). However ingenious this argument is, we have had little difficulty rejecting it, as have other jurisdictions. See Matthews v. Raines, 356 P.2d 783 (Okl.Cr.1960); Collins v. State, 59 Okl.Cr. 18, 55 P.2d 790 (1936); State v. Stone, 40 Mont. 88, 105 P. 89 (1909); People v. Burns, 138 Cal. 159, 69 P. 16, 70 P. 1087, 60 L.R.A. 270 (1902); In re De Camp, 15 Utah 158, 49 P. 823 (1897); People v. Gardner, 98 Cal. 127, 32 P. 880 (1893).

"* * * [W]here a court is given the discretion to fix a period of years to life, it can take as the prescribed maximum such period of years as it deems proper as a base maximum and impose a sentence for the attempt at not to exceed one-half such base maximum." State v. Mandel, supra, 78 Ariz. at 231, 278 P.2d at 417.

In the instant case, the defendant challenges the sufficiency of the rule permitting the trial court to fix a "base maximum" and sentence to one-half thereof. It is argued that some limiting factor should be imposed upon the court's power, viz., the utilization of life expectancy tables or other like determination. As the rule now stands, it is argued, an unjustified burden is placed upon the defendant entering a plea of guilty to the offense charged. Similarly, the power of the sentencing court is without limits and not subject to review.

The use of mortality tables in computing one-half of a life sentence was attempted in People v. Burns, supra. In striking down such a practice, the court said:

"The trial court, by reason of the peculiar state of the law, and for the purpose of determining the prospective life of defendant, consulted certain mortality tables used by life insurance companies in the conduct of their business, and taking into consideration defendant's present age (his sound physical condition being an admitted fact), concluded that the remainder of his natural life would amount to 38 years, and thereupon sentenced him to 19 years in the state prison. This court is well satisfied that the practice here followed cannot be sanctioned. The trial court fixed the penalty upon the basis of an average life, and sentenced him to imprisonment for one-half of the period of an average life; yet the law declares the imprisonment should be for a period of one-half of the defendant's life. These mortality tables indicate averages, and that fact alone proves that a variable proportion of the men coming within any particular class die before the age fixed as the average, and the remainder die after the age so fixed. As to the particular period of time covering the balance of defendant's life, the court knew nothing, and, in the nature of things, could know nothing. Hence the period of 19 years fixed as a penalty is based upon mere conjecture, and the judgment following it cannot be upheld." 69 P. at 17.

The fact that the court in the above case held the one-half of life sentence void as indefinite is distinguishable because there the sentence for the consummated crime was life imprisonment, no more no less. Under our statute, the penalty for the completed offense is imprisonment for not less than ten years and may extend for life.

For an attempt to commit the crime here charged the penalty cannot be less than five years, and may be extended during one-half of life. Although the period of a lifetime is indefinite and indeterminable, the court could say, as it did implicdiy

in this case, that the longest term for which the defendant *under the circumstances* should have been sentenced upon a conviction of second degree murder should be forty to fifty years, and fix the term upon conviction for the attempt at twenty to twenty-five years, or one-half of that time. Computed on this basis, the judgment under investigation comes strictly within the wording of the statute.

■ As to the defendant's argument to the effect that he is entitled to know the potential areas of sentence prior to making a plea of guilty, we are not impressed. He was just as well informed in the instant case as is any defendant making such a plea to a charge, the punishment for which may extend to life imprisonment.

We envision no unjustified burden on the sentencing court or the reviewing court as the law now stands. The statutes give, and we have so held, wide discretion to the sentencing court. In the absence of a showing that it abused its discretion in light of all the circumstances before it, its sentence will be upheld by the reviewing court. State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (1966); State v. Logan, 98 Ariz. 179, 403 P.2d 279 (1965). Since neither the record nor the defendant presented circumstances on this appeal which would evidence an abuse of discretion by the sentencing court, we must affirm its judgment.

Judgment affirmed.

McFARLAND, C. J., and STRUCK-MEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.