480 P.2d 342

**STATE of Arizona, Appellee,**

v.

**Daniel LAURINO, Appellant.**

**No. 2096.**

Supreme Court of Arizona,
In Banc.
Feb. 8, 1971.

————◆————

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

DeConcini & McDonald, by J. William Brammer, Jr., Tucson, for appellant.

CAMERON, Justice.

This is an appeal from a judgment of guilt after a plea of guilty to the crime of giving away marijuana, § 36–1002.07 A.R.S. Defendant was sentenced to not less than five nor more than seven years in the Arizona State Penitentiary.

We are called upon to determine whether the plea was voluntarily and intelligently made.

The facts necessary for a determination of the matter on appeal are as follows. A four count information was filed on 5 June 1969 charging defendant as follows: Count 1, § 36–1002.07 A.R.S., Unlawful Giving Away of Marijuana; Count 2, § 36–1002 A.R.S., Unlawful Possession of a Narcotic Drug; Count 3, § 32–1964, subsec. A(7) A.R.S., as amended, § 32–1965 A.R.S. and § 32–1975, subsec. B A.R.S., Possession of LSD; and Count 4, § 36–1002.05 A.R.S., Unlawfully Possessing

Marijuana, all under cause number A–17313.

Trial by jury was set for 16 September 1969, and on that date defendant changed his plea on Count 1 from not guilty to guilty. The Court questioned the defendant as follows:

"THE COURT: I will ask both Daniel and David Laurino to come up, please. Your lawyers have indicated to me in chambers that after a discussion with the Deputy County Attorney and with each of you that you have decided to change your plea from not guilty to guilty. That would be—

"MR. GILES: (Attorney for defendant) Count one, your Honor.

"THE COURT: Show that we are proceeding on the original Information as to Daniel Laurino and on the Amended Information as to David Laurino.

"Now this count that we are talking about is the count that charges that on or about April 7th that each of you gave away marijuana to another which is in violation of certain sections of the Arizona Code.

*     *     *     *     *

Now, Daniel, the charge that you would be pleading guilty to is the same charge, it is in the original Information, that you gave away marijuana to another in violation of statutes on April 7th. You understand the charge?

"MR. DANIEL LAURINO: Yes, sir.

"THE COURT: And do you wish to enter a plea of guilty to this charge?

"MR. DANIEL LAURINO: Yes.

"THE COURT: Show that the defendant moves to withdraw the plea of not guilty previously entered to count one.

"You have discussed this fully with him, Mr. Giles?

"MR. GILES: Yes, your Honor.

"THE COURT: Is there any question in your mind but what he enters this plea freely and voluntarily?

"MR. GILES: None, your Honor.

"THE COURT: Daniel, you know what the possible sentence could be in this matter, don't you?

"MR. DANIEL LAURINO: Yes.

"THE COURT: It could be from five to life in the State Prison, or there could be probation given, but you could receive anywhere up to a life sentence on this charge as it now stands. You understand that?

"MR. DANIEL LAURINO: Yes.

"THE COURT: Have any promises been made to you in connection with the sentence?

"MR. DANIEL LAURINO: No.

"THE COURT: You enter this plea freely and voluntarily?

"MR. DANIEL LARUINO: Yes, I do.

"THE COURT: All right, the record may show the defendant Daniel Laurino understands the nature of the charge and voluntarily enters a plea of guilty, that the motion to withdraw the plea of not guilty previously entered is granted, and the record may show the defendant Daniel Laurino enters a plea of guilty to the charge."

On acceptance of the plea by the court, the Deputy County Attorney moved to dismiss Counts 2, 3, and 4 of the original information against the defendants which motion was granted. The matter was set over for sentencing and after a hearing in mitigation the court stated:

"It is further the judgment and sentence of the Court that you be committed to the Arizona State Prison for not less than five nor more than seven years, sentence to commence as of this date.

"I must advise each of you that although you entered a plea of guilty to this charge you still have a right to appeal this sentence. If you cannot

hire your own lawyers, lawyers will be furnished on appeal at the expense of Pima County.

"Also any transcripts that might be needed will be furnished at County expense."

The defendant indicated later his desire to appeal and counsel was appointed to represent him on appeal.

The attorney, in the brief filed herein, stated pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), that after examination of the entire record he believed the appeal to be frivolous. However, as required by Anders, supra, counsel listed as possible appealable grounds the following:

1. The appellant did not specifically waive his right to trial by jury.

2. Appellant did not specifically waive his right to confront his accusers.

3. That to some degree the manner in which the plea was taken violates the standards set forth by the Arizona cases regarding pleas of guilty.

## MUST APPELLANT SPECIFICALLY WAIVE HIS RIGHT TO TRIAL BY JURY AND TO CONFRONT HIS ACCUSERS?

■ The question of an effective waiver of a federal constitutional right in a criminal trial is governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). And the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), states, "we cannot presume a waiver of these * * * rights from a silent record." 395 U.S. 238, 243, 89 S. Ct. 1709, 1712. This case, in effect, extended the procedural requirements of Rule 11 of the Federal Rules of Criminal Procedure to the state courts. Federal Rule 11 reads as follows:

"Rule 11. Pleas

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. As amended Feb. 28, 1966, eff. July 1, 1966."

■ It is true that when a plea of guilty is entered in a criminal trial there is a waiver of certain basic federal constitutional rights. Among these is the right to trial by jury, Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L. Ed.2d 491, 522 (1968), and the right to confront one's accusers, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), but neither Rule 11 nor the Boykin case requires in express terms that each of the rights mentioned herein, confrontation and jury trial, must be specifically and expressly waived by the accused prior to acceptance of his guilty plea.

## WAS THE PLEA OF GUILTY PROPERLY MADE?

■ We have read the portion of the transcript relating to the plea of guilty to the charge and we are convinced that the defendant, who was a Junior in college, entered his plea voluntarily and intelligently. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering in to his decision.

Our Court of Appeals has stated:

"* * * However, assuming it does apply, we believe its mandates have been met here. We read Boykin to mean that when accepting a plea of guilty, a trial court must make a record of inquiry as to the intelligence of the plea. There is no requirement that, in addition he makes a specific finding of voluntariness other than that implied by ultimately taking the plea. In the instant case, the record is clear that defendant was making an intelligent waiver." State v. Miller, 11 Ariz.App. 457, 458, 465 P.2d 594, 595 (1970).

We believe that the Boykin mandate has been complied with and that the plea of the defendant was intelligently and knowingly made.

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and as required by Anders v. California, supra, in cases wherein the attorney is unable to find error. We have found no fundamental error.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.