481 P.2d 528

**The STATE of Arizona, Appellee,**

v.

**Cleo PATTERSON, Appellant.**

**No. 1 CA-CR 294.**

Court of Appeals of Arizona, Division 1.

March 3, 1971.

Rehearing Denied April 8, 1971.

Review Denied May 11, 1971.

**159**

firmatively appear from the record on appeal " 'that the defendant voluntarily and understandingly entered his pleas of guilty.' [citations omitted]." 395 U.S. at 244, 89 S.Ct. at 1713. This opinion requires that it be shown in the record that the defendant understood "what the plea connotes and of its [the plea's] consequence." Boykin v. Alabama, supra, 395 U.S. at 244, 89 S.Ct. at 1712. The plea here was entered after the decision in *Boykin*. *Boykin* cites McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), as stating the standards required in the federal courts system, as set out in Rule 11, Federal Rules of Criminal Procedure (1969), which is as follows:

> "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." [1]

---

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Chief Judge.

This appeal involves a question of the validity of a guilty plea to a charge of receiving stolen property and a sentence of not less than two nor more than five years. The appellant alleges (1) that the trial court failed to advise him of the nature of the charges against him, and (2) that the trial court failed to establish a factual basis for the plea of guilty. The plea here was the result of a plea bargain, with amendment of the information and a plea to the amended information.

As to both of appellant's allegations, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that for a plea of guilty to be valid it must af-

Our Supreme Court has stated that, in effect, Rule 11, supra, has been made applicable to the states by Boykin v. Alabama, supra. State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (filed February 8, 1971); State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). We must look to the record before us to determine if these standards have been met here. The reporter's transcript reveals that the trial court told the appel-

---

1. In view of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), there may no longer be any need for the trial court to establish a factual basis for a guilty plea. However, it should be noted that Mr. Justice White's opinion in *Alford* points out that there was a "strong factual basis for the plea." 400 U.S. at 38, 91 S.Ct. at 168. We shall look to the record here for such a basis.

**160**

lant-defendant that he had been charged in the amended information with receiving two tires and wheels on September 20, 1967, in Maricopa County, and that these items were the property of another. The trial court asked the defendant if he had had these items in his possession, to which the defendant answered in the affirmative. The trial court asked the defendant if he knew or had "good reason to suspect that they [the items] were stolen." The defendant answered, "Yes, to admit it, in a way, I did. I suspected that they had been taken from someplace." On the basis of the record before us, both of the appellant's allegations are without merit.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.