481 P.2d 548

**The STATE of Arizona, Appellee,**

v.

**Stella MENDEZ, Appellant.**

**No. I CA–CR 303.**

Court of Appeals of Arizona, Division 1.

March 8, 1971.

Rehearing Denied April 8, 1971.

Review Denied May 11, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Chief Judge.

This appeal involves a question of the validity of a guilty plea to the charge of possession of heroin and a sentence of not less than five nor more than ten years. The appellant alleges that the trial court failed to advise her of the nature of the charges against her. The plea here was not the result of a plea bargain.

As to appellant's allegations, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that for a plea of guilty to be valid, it must affirmatively appear from the record on appeal " 'that the defendant voluntarily and understandingly entered his pleas of guilty.' [citations omitted]." 89 S.Ct. at 1713. See our discussion of this requirement in State v. Patterson, 14 Ariz.App. 158, 481

P.2d 528 (No. 1 CA–CR 294, released by this court this date).

The reporter's transcript here reveals that the trial court told the appellant-defendant that the information in the case alleged she had been in possession of heroin in Maricopa County on the 10th of March and asked her if that was true. The appellant answered that it was true and told the court she knew it was heroin. Appellant stated that she had "18 papers" on her body at that time. On the basis of the record before us, appellant's allegations are without merit.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.