486 P.2d 810

The STATE of Arizona, Appellee,

v.

Robert TELLEZ, Appellant.

No. 1 C.A.–CIR 362.

Court of Appeals of Arizona,
Division 1.

July 7, 1971.

Rehearing Denied Aug. 5, 1971.
Review Denied Oct. 5, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Chief Judge.

This appeal is from a sentence of not less than five nor more than ten years after a plea of guilty to a charge of attempted sodomy. The guilty plea was a result of a plea bargain. The information here was amended from the original charge of sodomy with a child under fifteen years of age.

The appellant contends that the trial court failed to advise him of the nature of the charge against him and the consequences of his guilty plea, to the effect that the conviction below is invalid, citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971); State v. Patterson, 14 Ariz.App. 158, 481 P.2d 528 (1971). The guilty plea is not questioned in any other respect. In *Laurino* our Supreme Court held that Rule 11 of the Federal Rules of Criminal Pro-

cedure[1] had been, in effect, extended to the states by *Boykin*.

■ As to the first of appellant's contentions, the trial court told appellant that the amended information stated that:

"* * * on about the 8th of May, 1970, you [appellant] did commit an infamous crime against nature with David—it's either Carol or Carole [sic], it's got a lower case E on the end of the name, in this County."

The trial court also questioned the defendant further:

"THE COURT: Can you, just briefly, tell me why a charge has been filed, or what you think you are pleading guilty to?

"A (By Mr. Tellez): Because I had an affair with him.

Q Because you had an affair with this David Carole [sic], is that correct?

A Yes, ma'am.

Q Was that about May 8th of this year?

A Yes.

Q Where did this take place?

A Well, it was supposed to take place at my house, they said.

Q In your house?

A Yes.

Q And, where is that, the same address that you are living now?

A Yes.

Q Did you know David at that time?

A Yes, I have known David probably about a year now.

Q And, is he a neighbor?

A Yes, ma'am.

Q How far away does he live?

A He lives on 10th Street."

* * * * * *

These portions of the testimony from the reporter's transcript convince us that the appellant was informed of the nature of the charge against him and understood.

■ As to the appellant's second contention, that the consequences of his guilty plea were not explained, the reporter's transcript reveals that the trial court told the appellant that the maximum punishment was ten years in the State Prison. No objection was made by either counsel for the appellant or for the State in the court below. On appeal, it is urged that the possible maximum punishment for the offense appellant plead guilty to was half a lifetime under A.R.S. §§ 13-651, as amended, and 13-110(1). This would be true if the appellant had been charged with attempted sodomy with a child under fifteen years of age in the amended information, but the amended information made no reference to the age of the victim, with the result that the maximum punishment was ten years, which is half the maximum sentence for conviction of attempted sodomy (without regard for the victim's age). The trial court accurately advised the defendant of the possible maximum punishment here. Additionally, no prejudice could have possibly occurred by this alleged error, if it was error, in that the ten-year maximum sentence is less than half a lifetime, *see,* State v. Williams, 103 Ariz. 284, 440 P.2d 311 (1968), with the result that such an error would be harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Deschamps, 105 Ariz. 530, 468 P.2d 383 (1970).

Affirmed.

1. The rule reads as follows:
"A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty of if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

**132**

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.