486 P.2d 812

**The STATE of Arizona, Appellee,**

v.

**Charles Ray BURROWS, Appellant.**

**No. 1 CA–CR 361.**

Court of Appeals of Arizona, Division 1.

July 7, 1971.

Rehearing Denied Aug. 5, 1971.

Review Denied Oct. 5, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Chief Judge.

This appeal questions the validity of a guilty plea to a charge of forgery and a judgment of sentence of not less than five nor more than seven years.

The appellant alleges that the trial court did not specifically advise him that he was waiving his rights to confront the witnesses against him, under the Sixth Amendment of the United States Constitution, and to claim the privilege against self-incrimination under the Fifth Amendment of the United States Constitution. The appellant contends that these two inadequacies in the proceeding below vitiate the guilty plea and judgment, citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969).[1]

The State contends that these two rights need not be specifically and expressly waived by the defendant prior to entry of a guilty plea, citing State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971).

The trial court here made no mention of these two rights, but did establish a factual basis for the offense and determined that the plea was voluntarily made, without promises or threats and with an understanding of the nature of the charge and the consequences of the plea. The trial court further asked the appellant if he had discussed his plea of guilty with his attorney before entering it. The appellant stated he had.

The issue here is whether or not there must be specific explanations of the right to confront witnesses and the right to remain silent to an accused, with an express waiver of these rights, in order to validate an otherwise proper guilty plea.

Our Supreme Court in *Laurino* held that the right to a jury trial and the right to confront one's accusers need not be specifically or expressly waived prior to acceptance of his guilty plea. *Laurino* is controlling in the case at bar.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923." 89 S.Ct. at 1712.