492 P.2d 392

**STATE of Arizona, Appellee,**

v.

**Mark ZAYE, Appellant.**

**No. 2197.**

Supreme Court of Arizona,
In Banc.

Jan. 5, 1972.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee; Joel Finer, Tucson, of counsel.

Ross P. Lee, Maricopa County Public Defender, James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice.

Mark Zaye was charged with the crime of child molesting. He pled guily, pursuant to a plea bargain, to the crime of aggravated assault and was sentenced to a term of three to five years imprisonment. His appeal from the judgment of conviction and sentence is based on failure of the trial court to advise him specifically that by pleading guilty he waived his right to remain silent and to confront witnesses against him.

A detailed rendition of the facts is unnecessary for purposes of this appeal. Mrs. Vera Cook, responding to the complaints of her four year old daughter, Theodora, examined her and found bruises, lacerations and discharge in the vaginal area. The doctor who thereafter examined her diagnosed the cause as a sexual assault. The defendant, who was living in the same house with Theodora, admitted to the officer who investigated the occurrence that he had caused the injury to the child.

The question we are concerned with here is whether the plea of guilty was "knowingly and intelligently" made where the defendant did not expressly waive the specific constitutional rights mentioned above.

We have previously held that the literal import of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not require the express waiver of specific rights. It is sufficient if the record shows that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. Nor do the literal requirements of Federal Rule 11 have to be met, so long as the spirit of the rule is observed, viz. that the court address the defendant personally to determine if his plea is voluntarily and understandingly made. State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971); Cf. State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971).

At the change of plea hearing the judge informed the defendant of the crime with which he was charged, and asked him if he understood the charge, to which defendant answered that he understood. The court further questioned the defendant regarding his age, domestic status, and educational achievement. Defendant stated he was married and had gone to school through grade twelve. The court further asked: "Do you understand that by your plea of

guilty you waive any right that you have for a trial by jury? Do you understand what I mean when I say that you waive a trial by jury; that you will not have trial by jury?" To which defendant responded, "Oh, yes." The judge asked defendant if he had any questions to ask of the judge, the county attorney or defendant's own lawyer, and further interrogated defendant as to the factual basis for the plea.

Thereafter on motion of the county attorney, a hearing in aggravation, was held, and the Court heard evidence regarding the incident involved. Later, at the sentencing hearing, the judge further questioned the defendant as to his understanding of the charge and the possible consequences of his plea.

It is eminently clear from a reading of the record that the plea of guilty was knowingly, intelligently **and** voluntarily made. The absence of the express waiver of the specific constitutional rights did not invalidate the plea.

The judgment is affirmed.

HAYS, C. J., UDALL, V. C. J., STRUCKMEYER, and CAMERON, JJ., concur.