497 P.2d 845

**STATE of Arizona, Appellee,**
v.
**Tonja HUDSON, Appellant.**
**No. I CA–CR 380.**

Court of Appeals of Arizona, Division 1, Department A.

June 8, 1972.

Rehearing Denied July 12, 1972.

Review Denied Sept. 19, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal from a judgment of conviction entered by the Superior Court after a plea of guilty by defendant Tonja Hudson to a charge of bogus check, a felony. A sentence of two to four years was imposed thereon.

The sole question posed in defendant's brief is whether her plea of guilty was accepted in violation of the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in that the trial court did not specifically inform defendant of her privilege against self-incrimination.

On August 5, 1970 defendant was bound over for trial on a charge of forgery, a felony. This was after a preliminary hearing in which four witnesses testified and several exhibits were introduced. The defendant was represented by the Public Defender. An information was duly filed in the Superior Court charging defendant

with forgery. At arraignment she entered a plea of not guilty. Thereafter, on October 7, 1970, she appeared before the court at which time the State filed an amended information charging her with the crime of bogus check. The original information involved defendant's signing the name of Barbara Navarro to a check with intent to defraud in violation of the forgery statute, A.R.S. § 13–421, which carries a maximum punishment of fourteen years. The amended information was a charge of bogus check, a felony, in violation of A.R.S. § 13–311, as amended, involving the same party, Barbara Navarro, which charge carries a maximum punishment of five years.

At the change of plea the court examined defendant and ascertained she was 25 years of age, and had the equivalent of a high school diploma. The date of the particular check involved was carefully looked into and no issue was made of the factual basis of the plea. It is to be noted that in the beginning when informed of the charge and asked by the court why she wanted to plead guilty, she made the direct answer that she committed the crime and felt that she should pay for it. She acknowledged she knew she could get up to five years and stated that no promises or threats had been made. The court advised her of her right to jury trial and of her right to confront witnesses. There is no record showing that the court specifically advised her of her privilege against self-incrimination. The record does indicate, however, that defendant was familiar with legal proceedings and was represented by counsel throughout. The trial court made a finding that defendant "has intelligently and knowingly and voluntarily" expressed a desire to plead guilty, and accepted her plea.

Defendant, in effect, contends that under Boykin the record must show that the trial court specifically questioned defendant on the privilege against compulsory self-incrimination and obtained her waiver as to this constitutional right, although she may

have been informed on all the other constitutional rights. We disagree.

A reading of our Supreme Court cases since Boykin reveals that they have repeatedly held valid a plea although the defendant was not specifically questioned and advised at the time on all three of the constitutional rights mentioned in Boykin, namely, the privilege against compulsory self-incrimination, the right to trial by a jury, and the right to confront one's accusers.

In State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971), in which the defendant therein claimed that the failure of the court to inform the defendant that a guilty plea waived his right to jury trial and confrontation of witnesses rendered the plea invalid, the Supreme Court said:

> "It is true that when a plea of guilty is entered in a criminal trial there is a waiver of certain basic federal constitutional rights. Among these is the right to trial by jury, Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L. Ed.2d 491, 522 (1968), and the right to confront one's accusers, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923 (1965), but neither Rule 11 [Fed. Rule 11] nor the Boykin case requires in express terms that each of the rights mentioned herein, confrontation and jury trial, must be specifically and expressly waived by the accused prior to acceptance of his guilty plea." 106 Ariz. at 588, 480 P.2d at 344.

In the more recent case of State v. Zaye, 108 Ariz. 13, 492 P.2d 392 (1972), which involved the question of whether the trial judge was required to specifically advise defendant that by pleading guilty he waives his right to remain silent and to confront witnesses against him, the Supreme Court said:

> "We have previously held that the literal import of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not require the express waiver of specific rights. It is sufficient if the record shows that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. Nor do the literal requirements of Federal Rule 11 have to be met, so long as the spirit of the rule is observed, viz. that the court address the defendant personally to determine if his plea is voluntarily and understandingly made. State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971); * * *" 492 P.2d at 392.

Although the precise situation of the instant case involving the omission of only one of the three constitutional rights, namely, the privilege against self-incrimination, has not as yet come up, the cases hold that there is no requirement that the defendant be specifically questioned on each and every one of the three points of Boykin when it is clear from the record that the plea is intelligent and voluntary. In addition to Laurino and Zaye see State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971); State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971); State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971); State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971); State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970).

We are unable to find any evidence in the record other than that the plea of guilty was made by the defendant knowingly, voluntarily, and with full knowledge of her legal rights.

Affirmed.

STEVENS, P. J., and CASE, J., concur.