506 P.2d 668

**STATE of Arizona, Appellee,**

**v.**

**Tracy Vernon CARMAN, Appellant.**

**No. I CA–CR 477.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 1, 1973.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by Roger H. Lichty, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

The defendant was tried on the charge of armed robbery and after a mistrial the State reduced the charge to Assault with Intent to Commit Robbery in return for defendant's plea of guilty. Defendant was sentenced to a term of 3 to 5 years and from this sentence the defendant appeals.

The defendant, Tracy Vernon Carman, alleges the record does not show affirmatively that he, at the change of plea hear-

278

ing, waived (1) his privilege against compulsory self-incrimination; (2) his right to a trial by jury; and (3) his right to confront his accusers as guaranteed by the Sixth Amendment of the United States Constitution. Defendant relies on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969):

> "We cannot presume a waiver of these three important federal rights from a silent record."

The pertinent part of the record at the change of plea hearing, conducted by the Honorable Morris Rozar, discloses the following excerpts of events and conversations:

[JUDGE] "Q. Have you thoroughly discussed your change of plea with your attorney?

[DEFENDANT] A. Yes. I am fully aware of all circumstances, and so forth. My attorney has left the decision to me, to myself alone, following explaining the total circumstances and situation.

Q. Do you realize if you plead guilty, you do not then go to trial, because the purpose of a trial is to . . .

A. Yes.

Q. . . . ascertain whether or not you are guilty? So if you tell us you are guilty . . .

A. Yes.

Q. . . . we don't have a trial. Do you understand that?

A. Yes, sir.

Q. Do you understand if we don't go to trial, then the next thing that will happen is for a probation officer to make a pre-sentence report and for a judge, in this instance probably not me, to read the report and pass sentence upon you?

A. Yeah.

Q. You realize if you do not go to trial, you waive three rights which the Appellate Courts . . .

\*    \*    \*    \*    \*    \*

Q. The three things that the Appellate Courts think are important, and you should know about and realize that you are waiving, they are your right to have your verdict and fate determined by a jury so far as guilt or innocence, the right to take the stand and tell your side of the story if you decide to do so and the right to confront and cross examine witnesses that may testify against you. Now since you don't go to trial, you won't get to exercise those rights.

Do you realize the possible range of sentence for this violation is, what, one to . . . 1 to 14 years, and it is entirely possible that whoever sentences you could sentence you to the State Prison for as long as 14 years?

A. Yes, sir. I am aware of that."

The judge then examined defendant as to whether or not his plea was free and voluntary, which is not an issue in this appeal.

■ The Appellate Courts of this State have consistently held that the trial courts need only follow the "spirit" of Boykin and not any rigid formalized format in advising a defendant of his rights at the time of accepting a guilty plea. State v. Zaye, 108 Ariz. 13, 492 P.2d 392 (1972); State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971); State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971); State v. Moreno, 16 Ariz.App. 191, 492 P.2d 440 (1972); State v. Chrishon, 17 Ariz.App. 337, 497 P.2d 844 (1972); State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970); State v. Foster, 109 Ariz. 14, 504 P.2d 48 (1972).

■ It appears the trial judge did not read a formal list of defendant's rights; however, he did advise the defendant of his basic rights on a personal, man to man basis. It must be noted that a formal reading of these rights often makes a better record, yet an informal approach on an individual case basis often does a better job of advising the defendant in a meaningful manner.

It appears the defendant entered his plea after hearing his constitutional rights and that the plea was intelligently and voluntarily made by the defendant.

The judgment and sentence of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.