517 P.2d 1246

**The STATE of Arizona, Appellee,**

**v.**

**Bernard Leavitt DURGIN, III, Appellant.**

**No. 2428.**

Supreme Court of Arizona,
In Banc.

Jan. 11, 1974.

We are called to answer three questions on appeal:

1. Was the sentence of thirty-five to fifty years for the crime of attempted murder excessive?

2. Did the trial court improperly restrict the defense of insanity and question of specific intent?

3. Was the sentence of not less than eleven nor more than twelve months on the charge of conspiracy proper?

The facts necessary for a determination of this matter on appeal are as follows. Defendant Durgin and a codefendant, Richard Church (see State v. Church, 109 Ariz. 39, 504 P.2d 940 [1973]), were negotiating with two undercover agents of the Tucson Police Department to sell to the agents some 200 kilos of marijuana. During the negotiations, the defendant and Church began to suspect that the two agents were, in fact, undercover narcotics agents. The defendant obtained a gun from an acquaintance and on the pretext of obtaining the marijuana, the two defendants persuaded the two agents to go with them south and west of Tucson where the person in possession of the marijuana was to be found. They traveled in two automobiles, the defendant Durgin riding with one agent in the agent's auto, and Church following with the other agent. After they got out of the two automobiles in which they had been traveling, defendant told the two men to put their hands over their heads, and when one of the agents apparently reached for his gun, the defendant started shooting. The two defendants were able to get away, flag down a car, and were subsequently taken to Mt. Lemon by a friend, where they were arrested while traveling the back road from Mt. Lemon to Oracle, Arizona.

After an extensive preliminary hearing, under the Rules of Criminal Procedure in effect at that time, the two defendants were held to answer in the Superior Court. After many motions and hearings concerning the defendant's sanity, the defendant's case, as a result of an agreement that the

Gary K. Nelson, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

O'Dowd, Fahringer & Diamos by Clay G. Diamos, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilty to the crime of conspiracy to commit murder, § 13–331 A.R.S., and attempted murder, § 13–108 and § 13–451 A.R.S., together with a sentence of not less than eleven nor more than twelve months on the charge of conspiracy, and not less than thirty-five nor more than fifty years on the charge of attempted murder.

county attorney would not file an allegation of prior conviction, was submitted to the court sitting without a jury based solely upon the transcript of the preliminary hearing. The court found the defendant guilty of the crimes of attempted murder and conspiracy to commit murder, and from such findings, judgments, and sentences the defendant brought this appeal.

## WAS THE SENTENCE EXCESSIVE?

Defendant was found guilty of an attempt to commit murder. § 13–110 A.R.S. reads as follows:

"A person who attempts to commit a crime shall be punished, where no provision is made by law for the punishment of such attempt, as follows:

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more or by imprisonment in the county jail, by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon conviction of the offense so attempted."

There is no crime of attempted first degree murder in Arizona, and when a person is charged with attempted murder it is construed as attempted murder in the second degree. State v. Mandel, 78 Ariz. 226, 278 P.2d 413 (1954); State v. Williams, 103 Ariz. 284, 440 P.2d 311 (1968); State v. Lenahan, 12 Ariz.App. 446, 471 P.2d 748 (1970).

The defendant contends that under this statute prescribing a sentence "not exceeding one half of the longest term of the imprisonment," the trial court, by sentencing the defendant from thirty-five to fifty years, has, in effect, found that the defendant's life expectancy is 100 years. We have stated:

" * * * where a court is given the discretion to fix a period of years to life, it can take as the prescribed maximum such period of years as it deems proper as a base maximum and impose a sentence for the attempt at not to exceed one-half such base maximum. (citations omitted)" State v. Mandel, 78 Ariz. at 231, 278 P.2d at 417.

And:

" * * * Although the period of a lifetime is indefinite and indeterminable, the court could say, as it did impliedly in this case, that the longest term for which the defendant *under the circumstances* should have been sentenced upon a conviction of second degree murder should be forty to fifty years, and fix the term upon conviction for the attempt at twenty to twenty-five years, or one-half of that time. Computed on this basis, the judgment under investigation comes strictly within the wording of the statute." State v. Williams, 103 Ariz. at 285–286, 440 P.2d at 312–313.

We do not believe that the sentencing court is limited to the life expectancy table of the defendant in setting or determining a sentence. The court may fix the longest term of years to which the defendant should be sentenced for the commission of the offense, and then fix the sentence for attempt at one-half thereof. State v. Mandel, supra; State v. Williams, supra.

A review of the defendant's conduct in this case as well as his past record as reflected by the probation report, persuades us that the sentence is not excessive.

## LIMITING OF THE INSANITY DEFENSE

Prior to trial the State made a motion in limine to restrict the defendant from asking questions concerning the effects of narcotics in relation to criminal intent. The court ruled with respect to the State's motion in limine that on the issue of the defense of insanity, testimony would be confined to the "M'Naghten test." We find nothing wrong with this ruling. We have held in a long line of cases that the "M'Naghten test" is to be applied in the State of Arizona. Lauterio v. State, 23 Ariz. 15, 201 P. 91 (1921); State v. Schantz, 98 Ariz. 200, 403 P.2d 521

(1965); State v. Malumphy, 105 Ariz. 200, 461 P.2d 677 (1969). Defendant has presented nothing to us which would cause us to retreat from our previous and rather consistent opinion in this regard.

Defendant contends, however, that he was suffering from LSD intoxication as the result of the previous use of LSD, and that the order of the trial court "improperly circumscribed [his] right to permit the jury to determine the effect of LSD intoxication upon his intent [to] commit murder." We disagree. Evidence of intoxication at the time of the crime, whether by alcohol or other drugs, is admissible to show lack of specific criminal intent, § 13-132 A.R.S.; State v. Contreras, 107 Ariz. 68, 481 P.2d 861 (1971). The trial court, however, was correct in limiting the evidence of intoxication to the time of the crime. The court's ruling upon the motion being in our opinion correct, we need not speculate upon what the evidence would have shown and what instructions the evidence would have supported had the matter gone to trial, since the matter was submitted on the preliminary hearing transcript.

We find no error.

## WAS THE SENTENCE FOR CONSPIRACY PROPER?

Section 13-331(B) A.R.S., in force and effect at the time this act was committed, reads as follows:

"B. A person who violates any provision of this section shall be punished by imprisonment in the state prison for not to exceed one year, or by a fine not exceeding one thousand dollars."

And § 13-1644.01 A.R.S. reads as follows:

"When a person is subject to punishment for a crime by imprisonment in the state prison for a term not more than any specified number of years and no minimum sentence is declared, the minimum sentence shall be one year in the state prison. Added Laws 1970, Ch. 210, § 1."

And also § 13-1643 A.R.S. reads:

"A. When a person is convicted of a felony other than murder in the first degree and sentenced to imprisonment in the state prison, the court shall pronounce upon such person an indeterminate sentence of imprisonment in the state prison, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum a term not less than the minimum prescribed for the punishment of such offense, and as the maximum not more than the maximum prescribed for the punishment of such offense.

"B. When a crime is declared punishable by imprisonment in the state prison for a term not less than a specified number of years, or not more than a specified number of years, the court may designate, in the sentence, such number of years as it deems proper as the maximum or minimum sentence."

Sections 13-1644.01 and 13-1643 A.R.S. must be read together and when so read provide that when a crime is punishable by an indeterminate sentence in the state prison but the minimum is not specified, the minimum shall be one year in the state prison. § 13-331 A.R.S., in effect at the time this crime was committed, specifically provided for punishment in the state prison for not to exceed one year. § 13-331 A.R.S. is a specific statute and prevails over the more general provision of § 13-1644.01 A.R.S. When read with § 13-1643 A.R.S., § 13-331 A.R.S. provides for an indeterminate sentence in the state prison of less than one year.

We find no error in the sentence imposed.

Judgments affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.