546 P.2d 849

**STATE of Arizona, Appellee,**

v.

**Antonio C. ESQUER, Appellant.**

**No. 1 CA–CR 1247.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 4, 1976.

Rehearing Denied June 3, 1976.

See 550 P.2d 240.

Review Denied June 29, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Asst. Atty. Gen., Chief Counsel, Crim. Div., Phoenix, Barry A. McNaughton, Third Year Law Student Under Rule 28(e), for appellee.

Ross P. Lee, Maricopa County Public Defender, by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

OPINION

SCHROEDER, Judge.

The appellant was charged with violation of A.R.S. § 36–1002, Possession of a Narcotic Drug. He pleaded guilty upon an express understanding that he would be sentenced to probation if, between the time of the acceptance of his guilty plea and sentencing, he obeyed the rules and regulations of the Arizona Family, a drug rehabilitation program. Before the date set for sentencing, appellant dropped out of the Arizona Family, and was subsequently sentenced to the Arizona State Prison.

In this appeal, he argues:

1. The trial court did not comply with the requirements of Arizona Rules of Criminal Procedure, Rule 17.2(c), in that the court failed to advise him of his right to a trial by jury.

2. The trial court did not comply with the requirements of Rule 17.2(b) because it failed to advise the appellant of special conditions imposed by statute on prison sentences for the crime with which he was charged; and

3. The sentencing was improper because there was an inconsistency between the sentence as reflected in the transcript of the sentence hearing and the sentence appearing in the minute entry.

We hold that the appellant is correct as to all three matters, and the case is reversed.

■ Rule 17.2(c) requires that the trial court, before accepting a plea of guilty or no contest, inform the defendant personally in open court of the constitutional rights which he foregoes by pleading guilty or no contest. This rule reflects the decisions of the United States Supreme Court and of our own Arizona Supreme Court that waiver of such rights must be knowing and voluntary. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Miller,* 110 Ariz. 304, 518 P.2d 127 (1974). In this case, the court, in ascertaining that the appellant was making an informed waiver of his constitutional rights, referred to the "right to a public and speedy trial" but not to a trial by jury.[1]

The State argues that the trial court's reference to a "public and speedy trial" complied with the "spirit" of *Boykin v. Alabama, supra,* and our Rule 17.2(c).[2] We cannot agree. The Sixth and Fourteenth Amendments guarantee not merely the right to a trial, but the right to a jury trial. As the United States Supreme Court stated in *Duncan v. State of Louisiana,* 391 U.S. 145, 157, 88 S.Ct. 1444, 1452, 20 L. Ed.2d 491 (1968):

> "Our conclusion is that in the American States, as in the federal judicial system, a general grant of jury trial for serious offenses is a fundamental right, essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants."

■ While that right can be waived, the waiver must be knowing and informed. In the instant case, the trial court ascertained that the appellant's plea was voluntarily and intelligently made, but we cannot glean from the record any indication that the appellant knowingly waived his right to a *jury* trial.

■ Appellant next argues that the trial court erred in failing to advise the appellant, prior to accepting his guilty plea, of the special conditions which apply to prison sentences for possession of narcotic drugs. A.R.S. § 36–1002(A) provides that a person guilty of possession:

> ". . . shall be punished by imprisonment in the state prison for not less than two years nor more than ten years, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than two years in prison."

The trial court did not inform appellant of the special condition denying eligibility for early release. The record does not reveal that appellant was aware of it. The State maintains that the error was harmless. Our resolution of this question is controlled by the recent decision of our Supreme Court in *State v. Rios,* 113 Ariz. 30, 545 P.2d 954 (filed Feb. 6, 1976). We agree with the court in *Rios* that where the record fails to reflect awareness of a special punishment condition, the failing cannot be regarded as mere "technical" error. Defendant's awareness of such minimum conditions may well be particularly important in cases in which the defendant is placed on probation; knowledge of the sentence conditions can serve both as a de-

---

1. The court informed appellant of the following rights waived by a plea of guilty:

   "THE COURT: Do you understand that by pleading guilty you waive your right to a public and speedy trial, to remain silent, the right to exercise your privilege against self-incrimination, your right to confront and to cross-examine the witnesses against you? You understand that by pleading guilty you are giving up these rights?

   "THE DEFENDANT: Yes."

2. The State cites *State v. Carman,* 19 Ariz. App. 277, 506 P.2d 668 (1973). *Carman,* however, did not deal with the issue presented here, but rather held that the defendant in the circumstances in that case had actually been advised of all of his rights by "an informal approach on an individual" basis. 19 Ariz.App. at 278, 506 P.2d at 669.

terrent to criminal behavior during the probationary period and as an incentive for compliance with the terms of the probation. The trial court, therefore, erred in failing to determine whether appellant knew of the special condition.

Finally, the appellant argues that there is an ambiguity as to the true sentence imposed. The record does contain a discrepancy as to the true sentence imposed by the trial judge. The minutes reflect that the appellant was sentenced to not less than two nor more than ten years in the Arizona Prison, while the reporter's transcript made at the time of sentencing reflects that the court sentenced appellant to "the Arizona State Prison at Florence for a term of not less than ten years."

The court in *State v. Jefferson,* 108 Ariz. 600, 503 P.2d 942 (1972), was faced with a conflict in the sentence imposed, as recited in the sentence hearing transcript and the minute entry. The issue in that case was whether the sentences were to run concurrently or consecutively. The case was remanded for a correct imposition of sentence by the trial court. A dissent in that case argued that the minute entry order and formal judgment signed by the court should control on the question of which sentence imposed was correct. The position of the dissent has not been accepted. *State v. Denson,* 110 Ariz. 159, 515 P. 2d 1179 (1973). Here, as in the above cases, the question posed is "what is the true sentence?". The record is deficient in this respect as well.

We note that the Arizona Supreme Court in *Rios, supra,* remanded that case for the trial court to determine whether at the time of the guilty plea, the defendant was aware of the special punishment provision. In view of the multiple deficiencies in the record here, we conclude that this case should be reversed.

The judgment and sentence are reversed.

JACOBSON, P. J., and WREN, J., concurring.