NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PAUL ANTHONY ROBLEDO, *Petitioner*.

No. 1 CA-CR 15-0379 PRPC
FILED 4-25-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-110121-001
The Honorable Phemonia L. Miller, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Paul Anthony Robledo, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Patricia K. Norris and Chief Judge Michael J. Brown joined.

**J O H N S E N,** Judge:

¶1 Paul Anthony Robledo petitions this court for review of the dismissal of his fourth petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

¶2 In January 2010, Robledo pled guilty to attempted first-degree murder, a Class 2 dangerous felony and domestic violence offense. The superior court found four aggravating factors as alleged by the State, determined those factors outweighed any mitigating factors, and imposed the maximum 21-year prison sentence. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-704(A) (2017).[1]

¶3 This court dismissed as untimely Robledo's petition for review from his first Rule 32 proceeding, in which he asserted a claim of ineffective assistance of counsel and challenged the lawfulness of his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004). In 2013, Robledo filed a second notice of PCR, again raising claims of ineffective assistance of counsel, asserting that under a significant change in the law, he was entitled to effective assistance of counsel in the plea bargain process. The superior court summarily dismissed the notice, and this court granted review, but denied relief. *State v. Robledo*, 1 CA-CR 13-0615, 2015 WL 503217 (Ariz. App. Feb. 5, 2015) (mem. decision). In a third PCR, Robledo again sought relief on grounds of ineffective assistance of counsel and the purported unlawfulness of his sentence under *Blakely*. *State v. Robledo*, 2 CA-CR 2015-0194, 2015 WL 4040775, at *1, ¶ 2 (Ariz. App. July 1, 2015) (mem. decision). According to Robledo, he also had recently discovered that he suffered from a mental illness that had caused him to commit the crime. The superior court summarily dismissed the petition, and this court granted review, but denied relief. *Id.* at ¶ 3.

¶4 Robledo then filed a fourth notice and petition for PCR. Robledo raised claims pursuant to Rule 32.1(e), (g) and (h), arguing newly discovered facts exist that probably would have changed the verdict or sentence, there has been a significant change in the law that would probably overturn his sentence, and actual innocence. All his claims were based either on (1) his assertion that, as he argued in previous Rule 32 proceedings, his sentence was illegal because a judge, not a jury, found

---

[1] Absent material revision after the date of an alleged offense, we cite a statute's current version.

aggravating factors, or (2) pursuant to a 1974 Arizona Supreme Court opinion he "just learned of," his conviction was unlawful because Arizona does not recognize the offense of attempted first-degree murder. *See State v. Durgin*, 110 Ariz. 250, 252 (1974) ("There is no crime of attempted first degree murder in Arizona, and when a person is charged with attempted murder it is construed as attempted murder in the second degree."). The superior court dismissed the notice and denied the petition.

¶5 On review, Robledo argues the superior court erroneously failed to consider his Rule 32 petition or the attachments thereto. Without deciding the merits of that assertion, we will affirm the court's ruling if it is correct for any reason. *State v. Perez*, 141 Ariz. 459, 464 (1984); *State v. Cantu*, 116 Ariz. 356, 358 (App. 1977).[2]

¶6 Robledo argues he is entitled to Rule 32 relief because he "did not discover the ruling in *State v. Durgin* until December of 2014." We reject this argument for two reasons. First, *Durgin* was decided in 1974 and Robledo was sentenced in 2010; thus, that case does not constitute a significant change in the law entitling Robledo to relief. *See* Ariz. R. Crim. P. 32.1(e), (g).

¶7 Second, Robledo's reliance on *Durgin* is misplaced. At the time *Durgin* was decided, Arizona's statutory scheme relating to sentencing for "attempt" convictions permitted punishment "by a term not exceeding one-half of the longest term of the imprisonment prescribed upon conviction for the offense so attempted." *State v. Williams*, 103 Ariz. 284, 284 (1968). A sentence for the completed crime of first-degree murder could be life in prison; therefore, Arizona's appellate courts determined that, for sentencing purposes, attempted first-degree murder "is not a crime . . . because the sentencing statute covering it has impossible limits as to both minimum and maximum sentences." *State v. Lenahan*, 12 Ariz. App. 446, 449-50 (App. 1970). As a result, a conviction of attempted first-degree was "construed as attempted murder in the second degree." *Durgin*, 110 Ariz. at 252; *accord Lenahan*, 12 Ariz. App. at 450.

¶8 Long ago, however, the legislature amended the sentencing provision at issue in *Durgin*. Now, and at the time Robledo was sentenced, an attempt conviction subjects a defendant to a definitive range of years of

---

2 "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).

incarceration.  *See* A.R.S. §§ 13-704(A), -1001(C)(1) (2017).  Since those amendments, Arizona's appellate courts have recognized the lawfulness of the offense of attempted first-degree murder.  *State v. Rossi*, 146 Ariz. 359, 369 (1985) (after completing fundamental error review, affirming conviction for attempted first-degree murder); *State v. Nunez*, 159 Ariz. 594, 597 (App. 1989) ("[A]ttempted first degree murder can be knowingly committed and, as such, is an offense in Arizona."); *see also State v. Emery*, 141 Ariz. 549, 553 (1984) (implicitly recognizing as a general matter that attempted first-degree murder is an offense in Arizona).

**¶9**　　　　Next, without presenting any argument or explanation, Robledo, as he did in superior court, contends *Alleyne v. United States*, 133 S. Ct. 2151 (2013), "is a significant change in the law," apparently suggesting that case requires him to be resentenced after a jury trial on the aggravating factors alleged by the State.  This summary assertion is insufficient.  *See State v. Moody*, 208 Ariz. 424, 452, ¶ 101, n.9 (2004) ("Merely mentioning an argument is not enough . . . .").  To the extent Robledo continues to argue he was entitled to a jury trial on the aggravating factors alleged by the State, Robledo expressly waived his right to a jury trial on aggravating factors when he pled guilty.  Robledo offers no authority supporting the proposition that an express waiver by a pleading defendant is lawfully invalid.

**¶10**　　　　The superior court did not abuse its discretion in dismissing Robledo's fourth notice and petition for PCR.  Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA