488 P.2d 996

**STATE of Arizona, Appellee,**

v.

**Lawrence Eugene KUHLMAN, Appellant.**

**No. I CA–CR 293.**

Court of Appeals of Arizona, Division 1.

Sept. 30, 1971.

Rehearing Denied Nov. 18, 1971.

Review Denied Dec. 21, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Sp. Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by William Carter, Deputy Public Defender, Phoenix, for appellant.

HATHAWAY, Judge.

The appellant, defendant below, was bound over to superior court on an open charge of burglary of a dwelling house. After he waived a preliminary hearing and entered a plea of not guilty, an amended information was filed charging the offense of attempted burglary in the second degree. The defendant, pursuant to a plea bargain, pleaded guilty to the amended information on 21 April 1970. Thereafter, on 27 April 1970 he received a sentence of two to two and one-half years imprisonment. On appeal he relies on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d

274 (1969) in contending that his guilty plea is unsupported on the record by an adequate factual basis.[1]

The pertinent portion of the transcript reveals the following inquiry was made upon entry of the guilty plea:

"THE COURT: Do you understanding that by the amended information filed in this case that you're charged with the crime of attempted burglary, second degree?

THE DEFENDANT: Yes, I do.

THE COURT: That in particular that on or about the 9th of January, 1970, in the County of Maricopa, State of Arizona, that you did then and there attempt to commit burglary of a dwelling house located at 5002 West Bethany Home Road in the City of Glendale?

THE DEFENDANT: Yes, sir.

THE COURT: Do you wish to enter a plea of guilty to that crime?

THE DEFENDANT: Yes.

THE COURT: Have you discussed with your attorney as to what may happen as a result of entering a plea of guilty to this crime?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you're entering a plea of guilty to the crime of attempted burglary, second degree, as charged in the amended information?

THE DEFENDANT: Yes."

Nothing in the transcript of the 27 April 1970 judgment and sentencing aids in establishing a factual basis for the court's acceptance of the guilty plea. The record of these proceedings alone does not satisfy the *Boykin* mandate that the court establish the presence of a factual basis for the plea. State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (1971). Defendant, however, made the following statement which was incorporated into the probation officer's report:

"I lived with Joyce Snell in her trailer house for about three weeks, then we broke up. I was not working at the time, so 'Jim', I don't know his last name, broke the glass on the rear door and we went in. I got the coin collection from the bedroom closet, and we spent most of the money."

In Arizona the procedures on a plea of guilty are in three stages: The entry of the plea; the investigation and report by the probation officer; and the judgment of guilt and imposition of sentence. Appellant's opening brief appears to direct itself to an absence of a record showing a factual basis at the time of the plea.[2] However, it is the status of the record at the time of judgment of guilt and imposition of sentence that is determinative. Our court specifically rejected the argument that the trial court must ascertain the presence of a factual basis for the plea prior to its entry in State v. Sutherland, 14 Ariz.App. 344, 483 P.2d 576 (1971), stating:

"Had the trial court found an absence of a factual basis for the entry of a judgment of guilt, the court would have set aside the plea of guilty and it would not have proceeded to the judgment and sentence. It is appropriate to ascertain the presence or absence of a factual basis after the entry of the plea and prior to the entry of the judgment of guilt and

---

1. Prior to hearing the appeal, Division One, Court of Appeals, granted defendant's motion to suspend the appeal and returned the matter to the superior court that the judge might establish of record that the court was satisfied of a factual basis for the plea. The report of the court's probation officer, regarding defendant, made and submitted prior to the entry of judgment and imposition of sentence is of record on this appeal.

2. Our Supreme Court in State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971) has held that *Boykin* in effect extended the procedural requirements of Rule 11, Fed. R.Crim.P. to the state courts. Rule 11 reads in part: "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." As amended 1966.

sentence." 14 Ariz.App. at 347, 483 P.2d at 579.

See also, State v. Sullivan, supra; State v. Brown, 15 Ariz.App. 48, 485 P.2d 872 (1971); State v. Jackson, 14 Ariz.App. 591, 485 P.2d 580 (1971). It is clear from defendant's statement set forth in the probation officer's report that at the time of judgment and sentencing the trial judge was satisfied of the presence of a factual basis for the plea of guilty. We too are satisfied and find defendant's contention that the facts admitted on the record did not encompass the elements of the offense to be without merit.

A second contention implicit in appellant's argument is that *Boykin* requires the trial judge to apprise defendant of the legal elements of the crime to which he pleads. We do not agree. Rule 11 requires the court to satisfy itself of the factual basis for the plea. How this satisfaction is attained may vary between cases. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The defendant suffered no prejudice since he admitted acts constituting the offense charged of which the court was aware. A further recitation of the legal elements by the court would only have been repetitious. State v. Brown, supra; State v. Jackson, 14 Ariz.App. 594, 485 P.2d 583 (1971).

We are in accord with appellant's second argument that claims of *Boykin* error can now be heard on direct appeal without prior application to the trial court to vacate the guilty plea. State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (1971); State v. Sullivan, supra; State v. Jackson, 14 Ariz.App. 591, 485 P.2d 580 (1971). Appellant, however, suffered no harm on this account.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.