498 P.2d 199

STATE of Arizona, Appellee,

v.

Ralph G. PHILLIPS, Appellant.

No. 2063.

Supreme Court of Arizona,
In Division.

June 15, 1972.

Rehearing Denied July 11, 1972.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Former Asst. Atty. Gen., Phoenix, for appellee.

Wood, Platt & Jenson, by Dennis D. Jenson, Coolidge, and Renz L. Jennings, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant, Ralph G. Phillips, was charged with two counts of child molesting. As a result of a plea bargain, he pleaded guilty to one count, and the other was dismissed. After receiving a sentence of not less than twenty nor more than twenty-five years, he appeals. He was represented by the Public Defender at the time of his guilty plea. On appeal he insisted on representing himself, but after filing his brief in this court he retained private counsel who then filed a "reply brief" which raised a new point.

Defendant's brief contends that he tried by numerous letters to get a change of judges on the ground of bias and prejudice after the Public Defender had refused to file the necessary papers for that purpose; that the judge, at a hearing on defendant's sanity, admitted that he had received these letters but refused to step aside; that he asked to have his counsel changed when it had become clear that the latter would not ask for a change of judge; that his counsel was young and inexperienced; that he was never served with a copy of a warrant of arrest or a copy of any indictment, and has not received copies of all court transcripts; that his guilty plea was obtained by "repeated promises" by the Public Defender's Office that his sentence would not exceed five years; that before sentencing he asked for a continuance to hire private counsel, but this was denied; that the deputy public defender who represented him agreed to file an appeal, but that defendant hasn't seen him since; that defendant's wife was told that he would be sentenced to only one year in prison (but defendant does not state by whom his wife was told this); that the Mesa police who arrested him told him that he would get only a one-year sentence if he would confess.

The difficulty with his contentions is that they are based upon defendant's un-supported statements. As to each of them, there is either a total absence of support in the record or an out-and-out contradiction in the record. Thus, for example, he states that he was never served with a copy of the "indictment." Prosecution was by complaint and information, rather than by indictment, and the minute entry of April 4, 1969, states: "Copy of information is furnished to defendant." Elsewhere, defendant alleges that he has not been furnished with transcripts and has thus been deprived of the material needed to prepare his brief on appeal. But his own letter in the file admits that he received the transcript of his guilty plea hearing, and the transcript of his sentencing hearing. He has repeatedly demanded the transcript of his sanity hearing, but the minute entry of June 2, 1969, shows that defendant, by his attorney, "waives the hearing and submits the matter on the reports of the two psychiatrists without further evidence," so that there was no hearing at which a transcript could be made. He also demands a transcript of the oral arguments before this court, but that can hardly affect this appeal, nor has the tape been transcribed.

The same thing is true of all of defendant's other complaints—they are either unsupported by anything in the record or are contradicted by it. He alleges that he was told that a guilty plea would assure him that the sentence would not exceed five years. However, the transcript shows that he went through the ninth grade in school; that when told that he was charged with feloniously molesting an eight-year-old child, he answered: "I've read it," and stated that he understood it; that he stated he had consulted his attorney and desired to plead guilty; that he was doing so of his own free will; that he knew the court could give him one year to life without possibility of parole until the minimum sentence had been served, and

that he would receive no "good-time cred-it" or "double-time credit"; that no threats or promises had been made to him; that he had thought everything over "and I'd rather just go ahead and go on down and be done with it"; and that he fully understood the nature of the crime and the consequences of pleading guilty to it.

Defendant's argument is much the same as that of the defendant in State v. Zarate, 106 Ariz. 450, 478 P.2d 74, in which we said:

"Defendant's position, is that if he believed that he would get probation, he is entitled to change his plea, regardless of whether his belief was unfounded. We reject that argument." P. 453, 478 P.2d p. 77.

Basically, in the instant case, defendant's claim is that he was led to believe that he would not get more than five years. When he found out that this was not the case, he decided that he had made a bad bargain. This is not enough to enable him to change his plea.

As the U. S. Court of Appeals, Second Circuit, recently said in United States ex rel. LaFay v. Fritz, 455 F.2d 297:

"If on so flimsy a basis as this, amount-ing, * * * to no more than counsel's hope for a suspended sentence, a plea of guilty may be withdrawn, it is obvious that an accused may safely indulge in a plea of guilt as a mere trial balloon to test the attitude of the trial judge, being reasonably secure in the knowledge that he can withdraw it without great diffi-culty." P. 302.

■ Defendant's attorney, in his reply brief, concedes that the brief filed by defendant is based upon matters outside the record and cannot therefore be the basis of reversible error. He argues, however, that defendant has one valid ground for error —namely, that the record does not adequately show that his guilty plea was voluntary under the principles laid down in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct.

1709, 23 L.Ed.2d 274. He contends that there is nothing in the record to show that defendant was aware of his rights before pleading guilty—specifically, the rights to a jury trial and to confront the witnesses against him. He argues that although in State v. Laurino, 106 Ariz. 586, 480 P.2d 342, this court held that a defendant need not *expressly* waive those rights, nevertheless, in the instant case the record does not show even an *implied* waiver. It is true that the record in the instant case fails to show that either the court or counsel told him of these rights. However, in comparing the trial judge's questions in the instant case with those of *Laurino, supra*, it is clear that they are almost identical, and in *Laurino* we held:

"We believe that the Boykin mandate has been complied with and that the plea of the defendant was intelligently and knowingly made." 106 Ariz. p. 589, 480 P.2d p. 345.

We therefore hold that defendant in the case at bar made his plea of guilty knowingly, intelligently and voluntarily.

■ An interesting feature of this case is the fact that in his oral argument, defense counsel raised an entirely new issue not contained in either his brief or the brief of the defendant. Ordinarily, this is not permitted. However, because of the poor rapport between defendant and the various lawyers who have represented him from time to time in this case, we take cognizance of the argument. He contends that, in addition to all of the other things a court must do when a defendant wishes to plead guilty,

"The court must satisfy itself that the defendant understands the nature of the charge. Routine questioning or a single response by the defendant that he understands the charge is insufficient. To satisfy itself that the defendant actually does comprehend the charges, the court must explain the meaning of the charge and what basic acts must be proved to establish guilt."

This statement appears in Woodward v. United States, 426 F.2d 959, 962 (3rd Cir. 1970). Similar language may be found in Munich v. United States, 337 F.2d 356, 360 (9th Cir. 1964), but it is followed by the statement:

"Nonetheless, if the plea was in fact made voluntarily, and with understanding of the nature of the charge, the error was harmless." P. 360.

Our Court of Appeals, in State v. Kuhlman, 15 Ariz.App. 359, 488 P.2d 996, said:

"A second contention implicit in appellant's argument is that Boykin requires the trial judge to apprise defendant of the legal elements of the crime to which he pleads. We do not agree. Rule 11 requires the court to satisfy itself of the factual basis for the plea. How this satisfaction is obtained may vary between cases." P. 361, 488 P.2d p. 998.

The Court also said:

"However, it is the status of the record at the time of judgment of guilt and imposition of sentence that is determinative. . . . It is clear from he defendant's statement set forth in the probation officer's report that at the time of judgment and sentencing the trial judge was satisfied of the presence of a factual basis for the plea of guilty." Ibid., pp. 360–361, 488 P.2d p. 997.

In the instant case, the presentence report indicates that defendant's wife complained to the police that defendant had been having sexual relations with their three daughters, aged 9, 8 and 6 for about six months. When asked by the probation officer how long he had been having such relations with his daughters, defendant answered: "Oh, I remember three or four times." If there had been any doubt that he understood the charge and its elements, that doubt was resolved by that statement which preceded the sentencing.

The judgment and sentence are affirmed.

CAMERON, V. C. J., and LOCKWOOD, J., concur.