499 P.2d 109

**STATE of Arizona, Appellee,**

v.

**Robert Joseph FERRELL, Appellant.**

**No. 2312.**

Supreme Court of Arizona,
In Banc.

June 29, 1972.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by William C. Blakeley, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

Defendant, Robert Joseph Ferrell, appeals from a judgment of guilt entered against him based upon his plea of guilty to the crime of robbery in violation of A. R.S. §§ 13–641 and 13–643 as amended 1967. Defendant was sentenced to not less than 15 nor more than 25 years in prison.

The facts necessary to determine this appeal are briefly as follows: In October of 1970 defendant was charged with one count of robbery and one count of assault with a deadly weapon. In open court defendant pleaded guilty to the charge of robbery, and in return the charge of assault with a deadly weapon, as well as two other pending criminal cases against the defendant, were dismissed. As required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the trial court properly advised the defendant of the rights he was waiving and also the consequences of the plea. Defendant stated in open court he understood the possible sentence involved and that he was entering the plea voluntarily without any threats or promises. The trial court established a factual basis for the crime and accepted the plea. Defendant was subsequently adjudged guilty and sentenced to the term above mentioned. Relying on *Boykin* and Federal Rule 11, defendant contends on appeal that in addition to the above requirements the trial court should have explained the particular elements of the crime charged, robbery, in order to determine whether the defendant understood the nature of the offense charged against him. Defendant argues

that the trial court failed to do this, and this failure is reversible error.

We have reviewed the record and specifically this issue and find no error to have been committed.

We held in State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971) that our courts, to comply with *Boykin*, must find the plea of guilty to be made voluntarily, intelligently and knowingly. We further held that strict compliance with Federal Rule 11 is not required saying "[i]t is adherence to the spirit of Federal Rule 11 and not necessarily the literal observance of its provisions that is required by the mandate of Boykin v. Alabama, supra."

In our recent case of State v. Phillips, 108 Ariz. 335, 498 P.2d 199, filed June 15, 1972, we held that it was not necessary that the trial judge apprise the defendant of the specific legal elements of the offense. The requirement that the record show that the defendant understands the nature of the offense may be established in a manner other than by reciting the elements of the offense. In Phillips we cited with approval State v. Kuhlman, 15 Ariz.App. 359, 488 P.2d 996 (1971), which held that it was not necessary for the court to recite the legal elements of the offense when the defendant had admitted, under questioning by the trial court, the acts constituting the elements of the offense charged.

In this case, at the change of plea hearing the trial court interrogated the defendant and established the factual basis for the plea in order to satisfy himself that the acts defendant admitted committing did constitute the crime charged. In doing this the trial court, in effect, reviewed the elements comprising the crime of robbery:

"Now, Mr. Filler [sic], this information alleges on the third of January, 1970, you robbed * * * a liquor store here in Phoenix. Is that true?

"THE DEFENDANT: Yes, Sir.

"THE COURT: What time of day was that?

"THE DEFENDANT: I don't know. It was around dusk, I guess—around dark.

"THE COURT: You were in possession of a gun at that time?

"THE DEFENDANT: Yes, Sir.

"THE COURT: Did you display that to the person you robbed?

"THE DEFENDANT: Yes, Sir.

"THE COURT: And did you take money from her?

"THE DEFENDANT: Yes, Sir."

We believe that in view of these facts, defendant was sufficiently informed of the elements of the crime so that his plea was intelligently made, and the findings of the trial court in accepting the plea is knowingly, intelligently, and voluntarily made is clearly supported by the record.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.