505 P.2d 244

**STATE of Arizona, Appellee,**

v.

**James MONTGOMERY, Appellant.**

No. 2473.

Supreme Court of Arizona,
In Banc.
Jan. 12, 1973.

———◆———

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Pursuant to a plea bargain, the defendant, James Montgomery, pleaded guilty to possession of heroin, and received a sentence of not less than five nor more than seven years, to run concurrently with the sentence which defendant was then serving in another case. His appeal raises only one issue—namely, whether the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, were met.

Defendant argues that the states must comply with the "spirit" of Federal Criminal Rule 11 and that the trial judge's interrogation of the defendant fell short of that spirit by not ascertaining that there was a factual basis for the plea of guilty. Defendant contends that the crime of possession of heroin involves three elements: (1) proof of possession of some substance, (2) proof that the substance is heroin in a usable quantity, and (3) proof that defendant knew it was heroin.

It is our opinion that the record shows sufficient factual basis for the plea. The trial judge conducted an extensive interrogation of the defendant, who was 28 years old, had a high school education, and did carpenter work. The record shows that he had discussed the case with his attorney; that he knew that the charge of sale of

**74**

heroin had been dropped as a consideration for the guilty plea; that he fully understood the nature of the crime to which he was pleading; that he understood that by a guilty plea he was admitting that he committed the crime of possession of heroin. In addition, the judge asked defense counsel whether he had discussed the plea with his client and whether he was satisfied that the latter fully understood the consequences of the plea. The answer was in the affirmative.

Sentencing was set for five days later, at which time the judge asked defendant whether he wished to change his plea, and got a negative answer. The judge then announced that on the basis of the answers to his questions and the report of the probation officer, he was satisfied that there was a factual basis for the guilty plea.

This is one of the longest and most complete interrogations that has come before us. In addition, defense counsel stated to the court that "[a]pparently a lot, if not all, of the defendant's problems are related to his addiction to heroin." We are satisfied that the trial court made a record sufficient to comply with the "spirit of Rule 11."

Defendant nevertheless argues that although he repeatedly told the trial judge that he understood the charge, his "conclusory responses in no way indicate that he understood the tripartite elements of the crime."

In State v. Kuhlman, 15 Ariz.App. 359, 488 P.2d 996, the Court of Appeals held that it was not necessary for the trial judge to recite the elements of the offense charged. In State v. Phillips, 108 Ariz. 332, 498 P.2d 199, we cited *Kuhlman* with approval, and in State v. Ferrell, 108 Ariz. 394, 499 P.2d 109, we cited both *Kuhlman* and *Phillips* with approval.

We affirm the judgment of the Superior Court.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.