505 P.2d 1092

**STATE of Arizona, Appellee,**

v.

**Floyd WILLIAMS, Jr., Appellant.**

**No. I CA–CR 440.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 6, 1973.

Rehearing Denied March 1, 1973.

Review Denied April 10, 1973.

Gary K. Nelson, Atty. Gen. by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Presiding Judge.

This is an appeal by defendant Floyd Williams, Jr., from a judgment of guilt to the crime of assault with intent to commit rape and a sentence imposed thereon of not less than 10 nor more than 14 years in the Arizona State Prison.

The original information filed against defendant charged him with the crime of

child molesting involving a female child of 6 years of age, in violation of A.R.S. § 13–653. The defendant, represented by counsel in the Superior Court, pleaded not guilty to this charge and the case was set for trial. The day before the trial date an amended information was filed charging defendant with the crime of assault with intent to commit rape, a felony, to which he entered a plea of guilty.

Defendant's opening brief raises only one issue, namely, whether the record adequately showed that defendant understood the nature of the charge against him when he pleaded guilty. Defendant, however, in propria persona, has filed a supplemental brief wherein he raises the issue of inadequacy of counsel and that he was refused a psychiatric examination or a competency hearing. We will consider each of these questions in this opinion.

■ Regarding the first issue, the law now seems to be settled in this State that the trial court need not advise a defendant of all the specific elements of the crime charged against him in order to comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Montgomery, 109 Ariz. 11, 505 P.2d 244 (filed January 12, 1973). See also State v. Hunt, 16 Ariz.App. 397, 493 P.2d 943 (1972). It is necessary only that the defendant be sufficiently informed of the nature of the crime charged so that his plea can be voluntarily and intelligently made.

In the case of State v. Montgomery, supra, the Court said:

"Defendant nevertheless argues that although he repeatedly told the trial judge that he understood the charge his 'conclusory responses in no way indicate that he understood the tripartite elements of the crime.'

"In State v. Kuhlman, 15 Ariz.App. 359, 488 P.2d 996, the Court of Appeals held that it was not necessary for the trial judge to recite the elements of the offense charged. In State v. Phillips, 108 Ariz. 332, 498 P.2d 199, we cited *Kuhlman* with approval, and in State v. Fer-

rell, 108 Ariz. 394, 499 P.2d 109, we cited both *Kuhlman* and *Phillips* with approval."

■ The record shows that the trial court asked at the time of receiving defendant's plea whether he understood he was charged with the crime of assault with intent to commit rape, to which he answered in the affirmative. In a dialogue between the court and the defendant, this question was asked more than once and defendant's answer was always the same. The court also read the specific charge:

"Q  You understand that by the Amended Information filed in this case that you are charged with the crime of assault with intent to commit rape, a felony?

"A  Yes.

"Q  And the specific charge is that on or about June 24th, 1971, in the County of Maricopa, State of Arizona, that you assaulted one ———— [giving the name which is omitted from this opinion as it would serve no useful purpose] with intent to rape her, in violation of the Arizona Revised Statutes?

"A  Yes.

"Q  You fully understand the crime that's charged against you as the Court read it to you?

"A  Yes, sir."

Defendant also specifically answered that he desired to plead guilty of the crime of assault with intent to commit rape, a felony.

It is defendant's contention that his conclusory responses in no way affirmatively showed that he understood the nature of the offense and thus the plea was in violation of the requirements of Boykin, supra. We are unable to agree. We believe the record adequately shows that the defendant understood the nature of the charge to which he was pleading. It is not questioned that the record shows a sufficient factual basis for the plea. It is also not questioned that the reception of the

plea was in compliance with all the other Boykin requirements.

The record shows extensive dialogue between the trial court and the defendant, with the court advising him of his constitutional rights as required by Boykin, supra. At the end, before receiving the plea of guilty, the record shows:

> "THE COURT: Mr. Remender, I assume you have discussed this with the defendant and you feel that he fully understands the consequences of entering a plea of guilty to the crime charged?
>
> "MR. REMENDER: Yes, your Honor, we have discussed it several times. In fact, it was continued once so he could think it over a little longer, and I'm satisfied that he does."

It is difficult for us to conceive that the defendant, with an eleventh grade education, being represented by counsel and given advice and the time to reflect on the subject, would not know the nature of the charges against him. We believe he was sufficiently informed of the nature of the charge against him so that his plea was intelligently and voluntarily made.

The defendant in his pro per brief has set forth many facts and circumstances. In order to better understand the case, it is well to set forth briefly the events that occurred which are supported by the record. At the hearing on August 19, 1971, which was set to consider a motion to add an allegation of prior conviction as an addendum to the information, the addendum filed alleged that on the 7th day of March, 1968, in the Superior Court of Maricopa County, State of Arizona, the defendant, Floyd Williams, Jr., was convicted of the crime of rape, first degree, a felony. The State had submitted copies of this motion, the addendum, and records of the prior conviction to counsel for defense. Mr. Richard Remender, deputy public defender, in accordance with A.R.S. §§ 13–1649 and 13–1650, as amended 1969.

This proceeding ended up by the State stipulating to withdraw its addendum of prior conviction to the information of "child molest" and file an amended information charging assault with intent to commit rape to which the defendant entered his plea of guilty. The attorneys and defendant signed the stipulation which agreed to the amendment and further stipulated that if at a subsequent time this plea be withdrawn for any reason, the information may be re-amended without objection to allege the charge contained in the original information.

Finally, we consider the remaining questions as to whether defendant was wrongfully refused a psychiatric examination or a competency hearing, and whether there was an inadequacy of representation. Defendant relies upon the fact that when his case was called, Mr. Weber, the deputy public defender appearing for him, advised the court that defendant informed him that he was under the impression that Mr. Remender, the deputy public defender who was representing him, was going to file some motions concerning a mental examination for defendant. The court stated that the record did not reflect any such motions and proceeded to question defendant on this point as follows:

> "BY THE COURT:
>
> "Q Well, you are Floyd Williams, Jr.?
>
> "A Yes.
>
> "Q And you talked to Mr. Remender about filing some motions with respect to yourself in this matter?
>
> "A Yes.
>
> "Q And what did you talk about with respect to any motions?
>
> "A Well, the Probation Officer that. I talked to, you know, he told me that he was going to recommend to the Judge that I see some kind of a psychiatrist before I was sentenced because I could not explain and tell him the situation which happened that night, you know, too much of it, you know, so he talked to Mr. Remender, and Mr. Remender came over and told me that Judge Myers denied the motion, you know, so

he was going to get me a new judge and see would he grant me permission, you know, to see a psychiatrist.

"THE COURT: Well, Mr. Remender has not contacted this Court to advise the Court of his intention to file any motions. I really see nothing in the file nor has Mr. Samuels [probation officer] advised the Court of anything about any type of motions that should be filed. I am sure you understand, Mr. Williams, that with your background here this Court cannot grant you probation, you would have to go to the penitentiary. Now, at the penitentiary they do have diagnostic facilities and so on down there to give you any psychological examinations and tests to determine your mental condition and that type of thing."

There followed considerable dialogue between the defendant and the court on the subject of his condition, and the court not feeling that a continuance or an examination was in order, said:

" . . . Of course there is nothing in the report here, and from talking to you why apparently it does not seem to be anything in the Court's mind to raise any doubt that you do know right from wrong and you are able to assist counsel in your own defense . . ."

There was no motion made, but if we assume that defendant was asking for a competency hearing pursuant to A.R.S. § 13–1621, we can see no abuse of discretion in denying the request. The decision whether to hold a competency hearing is within the discretion of the trial judge. State v. Tillery, 107 Ariz. 34, 481 P.2d 271 (1971). Reasonable grounds must exist before a hearing is required. A.R.S. § 13–1621, subsec. C. None has been shown in this instance.

With reference to the representation by the public defender, the record shows that Mr. Weber, the substitute attorney from the public defender's office, had previously conferred with Mr. Remender. When the court asked if the defendant had anything to say or legal cause why the sentence should not be pronounced, Mr. Weber stated:

"MR. WEBER: No legal cause, Your Honor. In conferring with Mr. Remender, he stated that he had extensive contact with the Probation Officer and he would rest upon his recommendations."

 When adequacy of counsel is attacked, the controlling principle is that a conviction will be held invalid on such grounds only if the representation by counsel was a farce or a sham. State v. Brown, 107 Ariz. 375, 489 P.2d 12 (1971). We find no prejudicial error in this case.

Affirmed.

STEVENS and OGG, JJ., concur.