506 P.2d 655

**STATE of Arizona, Appellee,**

v.

**Charles Dwain FERGUSON, Appellant.**

**No. 1 CA–CR 485.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 27, 1973.

Rehearing Denied March 30, 1973.
Review Denied April 24, 1973.

---

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Judge.

The sole question presented by defendant in this appeal is whether the trial court abused its discretion in refusing to allow defendant Charles Dwain Ferguson to withdraw his guilty plea.

The defendant pleaded guilty to first degree burglary, and received a sentence of not less than five nor more than ten years in the Arizona State Prison. His plea of guilty followed a "plea bargain", pursuant to which the state dismissed an allegation of a prior conviction as well as another pending criminal charge. The record reflects a factual basis for the plea, that the defendant was fully advised of his rights before the guilty plea was accepted, and a finding by the court that the plea was voluntarily and intelligently made.

At the time set for sentencing, defendant's counsel advised the court that pursuant to Rule 336, Rules of Criminal Procedure, 17 A.R.S., he desired to have a mitigation hearing, and wished to have a continuance for that purpose. The trial judge inquired as to the substance of the testimony to be given at such a hearing. The court already had at its disposal the presentence report of the probation officer, setting forth those matters which defendant's attorney advised that he wished to bring to the court's attention at the mitigation hearing. The judge then addressed the defendant as follows:

"THE DEFENDANT: It is just that I wanted a pre-sentencing hearing, and that's all.

"THE COURT: There is no purpose in having a hearing unless you have something you want to present to the Court.

What do you want to present to the Court at this type of hearing?

"THE DEFENDANT: It is that— well, just that at the time of the crime that I was addicted and that—

"THE COURT: I am well aware of that. It shows that here (indicating file). It indicates your preferences and what type and so on.

"THE DEFENDANT: Then I see no reason why I should have to say anymore."

Under these circumstances we hold that the trial judge did not abuse his discretion in refusing to grant a continuance for a mitigation hearing. Here, defendant de-

layed presenting his motion until the time set for sentencing. He was not prepared at that time to present his mitigation evidence, but rather asked for a continuance. Upon inquiry from the court it developed that defendant did not contemplate presenting any evidence to the court which was not already available in the court's file. While Rule 336 speaks in mandatory terms, we do not find any abuse of discretion present here which would justify setting aside defendant's sentence and remanding for a mitigation hearing and resentencing. *A fortiori,* there is no reason to allow defendant to withdraw his guilty plea.

The judgment of conviction and sentence are affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.