506 P.2d 1037

The STATE of Arizona, Appellee,

v.

Alvin DeGRATE, Jr., Appellant.

No. 2324.

Supreme Court of Arizona, In Division.

March 1, 1973.

Rehearing Denied April 3, 1973.

Gary K. Nelson, Atty. Gen., by Ronald P. Crismon and Louis A. Moore, Jr., Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from judgments entered on defendant's pleas of guilty to two counts of theft from the person, § 13–661, subsec. A A.R.S., and concurrent sentences of six to ten years on each count.

We are asked to answer only one question on appeal and that is: Does Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), require that before accepting a guilty plea the court advise a defendant of the elements of the crime to which he is pleading guilty?

The facts necessary for a determination of this appeal are as follows. After preliminary hearings, defendant was held to answer to charges of two counts of assault with a deadly weapon and two counts of robbery. On 9 March 1971, defendant withdrew his previously entered pleas of not guilty and entered guilty pleas to two counts of theft from the person pursuant to a plea bargain.

In the course of its examination of defendant prior to accepting his guilty pleas, the court asked these questions concerning defendant's understanding of the charges against him:

"Q You have been charged by the State with the crime of theft from a person, a felony, on two causes. Do you understand what that means?

"A Yes.

"Q Have you discussed this matter with your lawyer?

"A Yes.

"Q And you do understand the nature of the charges that are being filed at this time?

"A Yes."

Defendant contends that Boykin v. Alabama, supra, requires that the trial court advise the defendant of the legal elements of the crime before the plea can be considered intelligent and voluntary. We do

not agree. This matter has been previously discussed and answered by this court and our Court of Appeals. See State v. Montgomery, 109 Ariz. 34, 504 P.2d 935, 8 January 1973; State v. Phillips, 108 Ariz. 332, 498 P.2d 199 (1972); State v. Ferrell, 108 Ariz. 394, 499 P.2d 109 (1972); and State v. Kuhlman, 15 Ariz.App. 359, 488 P.2d 996 (1971).

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no fundamental error.

Judgments affirmed.

STRUCKMEYER and HOLOHAN, JJ., concur.