506 P.2d 1059

STATE of Arizona, Appellee,

v.

Raymond Wayne HOWELL, Jr., Appellant.

No. 2396.

Supreme Court of Arizona,
In Banc.

March 1, 1973.

Rehearing Denied April 3, 1973.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., and William P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

The appellant, Raymond Wayne Howell, Jr., was charged by information with robbery and assault with a deadly weapon. He entered a plea of not guilty. A plea bargain was arranged with the State that an amended information would be filed, charging attempted robbery, to which the appellant was to plead guilty, and the deputy county attorney would recommend a sentence of not more than 21 years.

Appellant appeared before the court with counsel, and, pursuant to the plea arrangement, the amended information was filed. The trial court, before accepting the plea, interrogated the appellant and satisfied himself that the plea of guilty was made knowingly, voluntarily, and intelligently. After accepting the guilty plea the date for

sentencing was set, and on the date set the trial court sentenced the appellant to confinement for a term of not less than seven nor more than fifteen years.

On appeal, appellant presents three questions:

1. Did the trial court properly advise the defendant of the nature of the charge before accepting the guilty plea?

2. Was it necessary for the court to establish the factual basis for the guilty plea on the record?

3. Was the defendant properly advised of the maximum possible penalty for attempted robbery?

■■■ The appellant urges that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires the trial court to satisfy itself that the defendant understands the nature of the charges against him in an examination conducted on the record. Due process requires that an accused be advised of the charges against him. This requirement may be satisfied without going to the lengths urged by counsel for the appellant. Counsel contends that an accused must be advised of the elements of the offense charged. We have consistently held contrary to appellant's position. State v. Phillips, 108 Ariz. 332, 498 P.2d 199 (1972); State v. Ferrell, 108 Ariz. 394, 499 P.2d 109 (1972). A recital of the specific legal elements of the offense is not required, and a mere recital of the elements of the offense may be more confusing than helpful to a defendant. The requirement is that the court be satisfied that the defendant understands the nature of the offense charged and that the record show that the defendant does understand.

■ The information in charging the offense may be specific enough to inform the defendant of the nature of the charge sufficiently for him to have an understanding of the crime charged, and the reading of the information by or to the defendant may be all that is needed. See State v. Hunt, 16 Ariz.App. 397, 493 P.2d 943 (1972).

■ Appellant was originally charged with robbery and assault with a deadly weapon. He was present for a preliminary at which the victim testified that the appellant took her purse after threatening her with a knife. Appellant was bound over to the Superior Court on an information charging the two offenses above mentioned. At all times the appellant was represented by counsel, and, pursuant to a plea bargain, an amended information was filed charging attempted robbery of the same victim named in the information and who had testified in the preliminary. The amended information was read to the appellant, and he stated to the trial court that he understood the charge to which he wished to enter a plea of guilty. We are satisfied that the defendant was properly advised and was aware of the nature of the charge to which he pled guilty.

■ The factual basis for the plea was established by the evidence presented at the preliminary hearing, the transcript of such hearing is part of the record. State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973). State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971). State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971).

■ Appellant, lastly, argues that he was not advised of the possible maximum sentence which could be imposed under the offense charged. The appellant points out, and the record supports him, that the trial court simply advised him that he could be "sentenced up to half of life in the Arizona State Penitentiary." The statement by the trial court was not sufficient to give the appellant a proper basis upon which to form an understanding of the highest range of possible sentence. The trial court could have advised the appellant of the possible maximum sentence which could be given in this case by using the method described in State v. Mandel, 78 Ariz. 226, 278 P.2d 413 (1954) and State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966). It is the duty of the trial court to advise a defendant of the consequences of his plea,

particularly the highest range of possible sentence. State v. Hooper, supra.

The trial court, in sentencing the appellant, fixed the maximum term of his confinement at fifteen years. Was the appellant aware that as a consequence of his plea of guilty he could be sentenced to confinement for fifteen years? The record indicates that the appellant was aware of such a possible range of sentence; in fact, the plea agreement between appellant and the state provided that the state, through the prosecutor, recommend that appellant not be sentenced to serve any more than twenty-one years in prison. This agreement was made known in open court by the prosecutor prior to an entry of the plea of guilty by appellant.

"MR. TROMBINO: Your Honor, as a result of plea bargaining in this case, the State is filing an Amended Information, and, also, as part of the plea bargaining, the State would recommend the Court not sentence the defendant to any more than twenty-one years in the Arizona State Prison.

"THE COURT: An objection?

"MR. DOUGHERTY: No objection, your Honor." (R.T. 2)

Appellant was aware at the time he entered his plea of guilty that the court could sentence him to at least twenty-one years in prison. The sentence given was within the limits as clearly understood by the appellant; hence there was no prejudice to the rights of appellant.

"... we reject the assertion that an accused person cannot know anything except what the judge has told him. We take judicial notice that defendants know many things which are not told to them by the judge, and if the record will support a finding that the defendant did, in fact, know these things, we will not reverse merely because he did not hear it from the judge." (State v. Darling, supra)

Certainly, the better practice is for the court to advise the defendant of the maximum possible range of sentence in definite terms. In this case the sentence was within the limits understood by the appellant, and, being aware of the possible sentence by his plea of guilty to the charge, the finding by the trial court that the plea was made with an understanding of the consequences is supported by the record.

The judgment of conviction and sentence is affirmed.

HAYS, C. J., CAMERON, V. C. J., and EINO M. JACOBSON, Court of Appeals Judge, concur.