506 P.2d 1052

**The STATE of Arizona, Appellee,**

v.

**Joe ANDERSON, Appellant.**

**No. 2264.**

Supreme Court of Arizona, In Division.

March 1, 1973.

Rehearing Denied April 3, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., and Albert M. Coury, Former Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilty after a guilty plea to two counts of aggravated assault, § 13–245 A.R.S., and concurrent sentences of four to five years on each count.

We are asked to answer the following questions on appeal:

1. Were the guilty pleas made intelligently and knowingly in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)?
2. Was there a factual basis for the plea?

After a preliminary hearing, the defendant was held to answer to two counts of assault with intent to commit murder, § 13–248 A.R.S. On 21 December 1971, defendant withdrew his prior pleas of not guilty and entered pleas of guilty to the amended informations charging aggravated assault. A timely appeal was filed.

## WAS THE PLEA INTELLIGENT AND VOLUNTARY?

 Defendant contends that the Boykin requirements were not met at the time the plea was entered and specifically that the court failed to advise the defendant of the elements of the crime. We disagree. We have read the reporter's transcript of the plea and we believe that all the requirements of Boykin v. Alabama, supra,

were met. State v. Darling, 109 Ariz. 148, 506 P.2d 1042, filed this day.

Further, we have stated that it is not necessary that the court advise the defendant of the legal elements of the crime before it can be considered intelligent and voluntary. State v. Montgomery, 109 Ariz. 34, 504 P.2d 935, 8 January 1973; State v. Phillips, 108 Ariz. 332, 498 P.2d 199 (1972); State v. Ferrell, 108 Ariz. 394, 499 P.2d 109 (1972) and State v. Kuhlman, 15 Ariz.App. 359, 488 P.2d 996 (1971).

## FACTUAL BASIS FOR THE PLEA

The reporter's transcript of the preliminary hearing was before the court at the time of the plea. We believe the record shows a factual basis for the plea. State v. Darling, supra.

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). We find no fundamental error.

Judgment affirmed.

HOLOHAN and HAIRE, JJ., concur.