514 P.2d 487

**STATE of Arizona, Appellee,**

v.

**Ralph Soto DURAN, Appellant.**

**No. 2304.**

Supreme Court of Arizona,
In Division.

Sept. 26, 1973.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, Albert R. Vermeire, Law Student, University of Ariz., for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Ralph Soto Duran, entered pleas of guilty to an Amended Information charging assault with intent to commit rape and lewd and lascivious acts. He was sentenced to terms of 13 to 14 years and 4 to 5 years imprisonment, respectively, with the terms to run concurrently. This appeal is brought raising three questions:

(1) Was there a showing that the defendant understood the nature of the charge of lewd and lascivious acts?

(2) Was the act constituting a lewd and lascivious act merged in the charge of assault with intent to commit rape?

(3) Was the defendant properly advised of the elements of assault with intent to commit rape?

The three questions are directly related. It is argued that the factual setting from which the two charges arose is supportive of only one criminal conviction in the *mind* of the defendant, and absent a showing that he was advised of the specific elements of both crimes, neither plea can be sustained as having been knowingly made.

The thinking behind this argument was exemplified at the change of pleas proceeding. The court asked the defendant to relate those acts giving rise to the lewd and lascivious charge after discussion had been had of the facts concerning the assault with intent to commit rape charge:

"MR. DURAN: That's included what I said awhile ago. That's included in— force her to have sexual acts.

"THE COURT: What?

"MR. DURAN: Like I said awhile ago, I force [sic] her to have sexual acts. That's included in all, you know.

"MR. PERLSTEIN: Your Honor, there was a continuing series of events. I have advised the defendant of what the approximate legal definition of lewd and lascivious acts is. That's why he believes he couldn't make a legal determination himself whether the acts were lewd and lascivious. They appeared to have been under the definition of what a lewd and lascivious would be." (R.T. 10–11)

We believe that the inability of the defendant to make a legal determination that one crime has or has not merged into the other is not relevant. The legal determination is to be made by the court as part of satisfying itself of the factual basis for the plea. State v. Herndon, 109 Ariz. 147, 506 P.2d 1041 (1973). The requirements for such a finding were outlined in State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973). In the present case, the trial court was able to support its finding that there was a factual basis for the plea from the record of the preliminary hearing and its own examination of the defendant. The record demonstrates that there were indeed a series of acts committed upon the

victim before the attempt to rape her, and there was, therefore, ample factual basis presented to support the charges.

The factual basis for the plea is, of course, to be distinguished from the determination by the court of the defendant's understanding of the nature of the crime charged. To meet the requirements that the defendant understood the charge to which he pled guilty, the record must establish that he knew or was informed of "the nature of the charge," that is, the meaning of the charge and what acts amount to being guilty of the charge. Kadwell v. United States, 315 F.2d 667 (9 Cir. 1963).

The most appropriate procedure to be followed by the judge will vary from case to case depending upon many circumstances. In some instances merely a reading of the information or indictment will be sufficient to inform a defendant of the meaning of the charge. State v. Howell, 109 Ariz. 165, 506 P.2d 1059 (1973); in other instances the charge may have to be explained by the judge to the defendant in simple language. See ABA Standards Relating to Pleas of Guilty, Commentary to Section 1.4(a).

The defendant had been present at the preliminary hearing at which evidence was taken on the original charges of rape and lewd and lascivious acts. The victim testified to acts committed upon her by the defendant. The defendant's response to the court becomes clearer in meaning that he had forced the victim to have sexual *acts* with him. The acts had been the subject of the testimony in the preliminary hearing, and the acts described consisted of both attempted rape and lewd and lascivious conduct.

We have consistently held that the accused need not be advised of the specific elements of the offense charged. State v. Phillips, 108 Ariz. 332, 498 P.2d 199 (1972); State v. Ferrell, 108 Ariz. 394, 499 P.2d 109 (1972).

"A recital of the specific legal elements of the offense is not required, and a mere recital of the elements of the offense may be more confusing than helpful to a defendant." (State v. Howell, 506 P.2d at 1060)

The defendant admits to the commission of certain acts, in other words, the facts, but he does not know whether they meet the legal definition of lewd and lascivious. His attorney advised him, in effect, that the acts he admits committing on the victim were under the definition of lewd and lascivious conduct. The record supports this position that the described acts were in fact in violation of the statute proscribing lewd and lascivious conduct. The fact that this knowledge is shown in the record to have come from his lawyer rather than the judge does not alter the fact of defendant's knowledge of these things. State v. Darling, *supra*.

The record supports the finding of the trial court that the defendant understood the nature of the charges, and he knew that he was admitting guilt of two distinct crimes. We have also reviewed the record to determine whether the plea of guilty was otherwise properly accepted, and we find that it was. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Darling, *supra*.

The judgment and sentence is affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.