562 P.2d 369

STATE of Arizona, Appellee,

v.

Brenda (Lee) OHTA, Appellant.

No. 3631.

Supreme Court of Arizona,
In Banc.

March 16, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Georgia Butcher Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

In conformance with a plea agreement, Brenda Lee Ohta pled guilty to a charge of second degree burglary and was sentenced

to not less than four and one-half years to not more than five years in the Arizona State Prison. She appeals. Affirmed.

On October 5, 1975, appellant and another person entered a store known as Rings & Things in Phoenix, Arizona, with the intention of taking the salesclerk's purse. Appellant's role was to keep the clerk busy while her companion took the purse. Appellant was arrested in an automobile in which several purses, including the one belonging to the salesclerk of Rings & Things, were found.

Appellant's first claim is that the trial court did not adequately determine that a factual basis existed for her guilty plea and did not properly inform her of the nature of the charge against her.

After the trial judge was informed that Ohta intended to plead guilty to second degree burglary, he developed these facts concerning the commission of the offense:

"THE COURT: Mr. Sullivan, what would the State's evidence show?

MR. SULLIVAN: The State's evidence would show that Mrs. Ohta, along with suspect—

THE COURT: I can't hear you, sir. Mrs. Ohta along with—

MR. SULLIVAN: Mrs. Ohta, along with a suspect entered the store with the intent to steal the purse and contents thereof from behind the clerk's counter; * * * keeping the clerk busy while the other individual talked at the clerk's counter and then they split.

THE COURT: By "split" you mean departed?

MR. SULLIVAN: Departed the store. Yes, Your Honor.

THE COURT: Was this purse merchandize or was it a personal property of the clerk?

MR. SULLIVAN: Personal, personal property of the clerk at the store with the clerk at the counter.

THE COURT: Did they take the purse out of the store?

MR. SULLIVAN: Yes, they did, Your Honor.

THE COURT: With its contents?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is that what happened, Mrs. Ohta?

THE DEFENDANT: Yes, that about sums it up.

THE COURT: That was kind of a dumb thing to do.

THE DEFENDANT: Yes, it was very dumb.

THE COURT: Mr. Green [defense counsel], would you agree that's what the State's evidence would reveal?

MR. GREEN: Yes, Your Honor.

THE COURT: Mr. Sullivan, is there any question in your mind as to whether there is a sufficient factual basis for the Court to accept the plea of guilty?

MR. SULLIVAN: No, Your Honor.

THE COURT: Mr. Green, is there any question in your mind as to whether there is a sufficient factual basis for the Court to accept a plea of guilty?

MR. GREEN: No, Your Honor.

THE COURT: Do you have any questions you want to ask Mr. Green or Mr. Sullivan or me at this time?

THE DEFENDANT: No.

THE COURT: Do you think you fully understand what is happening here?

THE DEFENDANT: Yes."

We hold that the transcript as a whole shows that the appellant acknowledged her participation in the crime of burglary. A court is not required to advise a defendant of each specific element of the offense to which he is pleading guilty, absent the special circumstances as found in *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). *State v. Howell*, 109 Ariz. 165, 506 P.2d 1059 (1973); *State v. Anderson*, 109 Ariz. 158, 506 P.2d 1052 (1973); *State v. Reynolds*, 25 Ariz.App. 409, 544 P.2d 233 (1976).

Since appellant admitted complicity in the physical acts constituting the elements of the offense charged when she was questioned by the court, and it clearly appears that she entered the store intending

to engage in a theft, a factual basis existed for the guilty plea. The plea was intelligently made as required by Rule 17.2, Arizona Rules of Criminal Procedure, and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *State v. Ferrell*, 108 Ariz. 394, 499 P.2d 109 (1972).

Appellant urges that the trial judge abused his discretion when he refused upon the request of appellant's counsel to grant a motion to continue sentencing in order to file a Rule 11 motion. Rule 11.1 of the Arizona Rules of Criminal Procedure provides:

"A person shall not be tried, convicted, sentenced or punished for a public offense while, as a result of a mental illness or defect, he is unable to understand the proceedings against him or to assist in his own defense."

Appellant's counsel at one time requested a pre-sentence hearing but thereafter withdrew his request. At the time of sentencing when appellant requested imprisonment rather than probation, her counsel made a motion for continuance of the sentencing. Counsel did not suggest that there was any evidence of appellant's incompetency other than that stemming from her request for imprisonment. He said that he did not think her request was "the product of a rational mind." In this Court he points to *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), as authority that it is the best practice for the trial court to grant a defense motion for a continuance to determine the defendant's competence. *Drope* is not authority here for two reasons. First, *Drope* does not hold that a court must accept an attorney's personal convictions concerning his client's mental capacity. *Id.* at 177 n. 13, 95 S.Ct. at 906, 43 L.Ed.2d at 116. The trial court here knew of the facts which caused defense counsel to feel appellant was not rational. Second, in *Drope* there was a request for a continuance prior to trial. The Court approved of the motion to continue because the resolution of the defendant's competence could be made at an early date. *Id.* Here, the request by defense counsel did not come until the court had commenced the sentencing procedures.

Basically, the real issue is whether a Rule 11 hearing should have been granted to determine if the appellant was competent. As to this, we have held that a court must order a mental examination pursuant to Rules 11.1 and 11.3 to determine if a defendant understands the proceedings or can assist in his defense "if reasonable grounds for the need of such an examination exist." *State v. Verdugo*, 112 Ariz. 288, 541 P.2d 388 (1975). It is the established rule that the trial court has broad discretion in determining if reasonable grounds exist, and unless there has been manifest abuse in this discretion, the trial court will be upheld. *State v. Verdugo*, supra; *see State v. Bradley*, 102 Ariz. 482, 433 P.2d 273 (1967).

A motion for a continuance is addressed to the sound discretion of the trial court. *State v. Quintana*, 92 Ariz. 308, 376 P.2d 773 (1962). We cannot say that the sentencing judge abused his discretion when he determined there were no reasonable grounds for a competency hearing and, therefore, no grounds for a continuance.

At the time when appellant informed the court that she preferred to go to the Arizona State Prison instead of being on probation, the judge questioned her:

"THE COURT: Why is it that you would prefer to go to Prison rather than be in jail and be on probation?

THE DEFENDANT: I figure by the time they start digging up things that have happened in the last six months I'll end up there anyway."

After further questions from the judge as to her reasons, she stated that her number one thought was: "Getting my time; all that I deserve and having it over with." Later the judge again queried the appellant:

"THE COURT: Once again, what's your reason for choosing Prison over Jail and Probation?

THE DEFENDANT: I don't feel I would make it on probation?

THE COURT: Are you saying that you feel that if you are put on probation you would violate it promptly and be put in Prison?

THE DEFENDANT: I probably would.

THE COURT: You do not want to accept responsibility for probation?

THE DEFENDANT: No."

The probation report and the appellant's own comments in court reveal a history of repeated criminal activity. For much of her criminal conduct she had neither been apprehended nor charged. Although the appellant's desire was unusual, we do not find it wholly irrational or unreasonable under the circumstances.

Appellant argues that Rule 26.7 of the Rules of Criminal Procedure required the postponement of the sentencing.

Rule 26.7(a) provides:

"When the court has discretion as to the penalty to be imposed, it may on its own initiative, and shall on the request of any party, hold a pre-sentencing hearing at any time prior to sentencing."

It is asserted that counsel requested a pre-sentence hearing pursuant to Rule 26.7 by the following dialogue on the date of sentencing:

"[DEFENSE COUNSEL]: I'm going to ask the Court to continue sentencing and I'll file a Rule 11 or Rule 26 in this matter.

THE COURT: What do you mean by Rule 26? * * *

[DEFENSE COUNSEL]: Postponing sentencing.

THE DEFENDANT: No. I want to be sentenced now."

We agree that the record as a whole reflects that the motion was in effect a request to grant a continuance in order to hold a pre-sentence hearing pursuant to Rule 26.7(a).

However, counsel's motion was predicated on the assertion that appellant's request for imprisonment was irrational. Since the purpose of a pre-sentence hearing is to insure that the sentencing judge is fully informed as to the character of the individual to be sentenced and the circumstances of the crime, *State v. Smith*, 112 Ariz. 208, 540 P.2d 680 (1975), it was not error to deny a continuance when it became apparent that appellant did not contemplate bringing to the court's attention evidence which was not already being considered. *See State v. Ferguson*, 19 Ariz. App. 264, 506 P.2d 655 (1973). The allegedly irrational remarks were exhaustively investigated by the judge at the time he questioned appellant. Hence, there was no purpose in granting a continuance for a pre-sentence hearing because no additional light would have been shed on appellant's reasons and there was no prejudicial error in denying counsel's request.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.