625 P.2d 949

The STATE of Arizona, Appellee,

v.

James Winston LANE, Appellant.

2 CA–CR 1816.

Court of Appeals of Arizona,
Division 2.

Feb. 4, 1981.

Rehearing Denied March 4, 1981.

Review Denied March 24, 1981.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was convicted after a jury trial of endangerment under A.R.S. Sec. 13–1201, a class 1 misdemeanor since a substantial risk of physical injury only was involved. He was sentenced to six months imprisonment in the Pima County Jail. On appeal, he contends it was error for the trial court to refuse to order a mental examination for competency pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 11.3. We disagree.

Appellant was sentenced on May 17, 1979, and released from custody on August 9, 1979. Consequently, his appeal reached this court long after appellant had already served his sentence. Although we do not address moot questions or give advisory opinions, the possibility of appellant suffering collateral legal consequences from a sentence already served permits us to review his claim on its merits. *Pennsylvania v. Mimms*, 434 U.S. 106, n. 3, 98 S.Ct. 330, n.

3, 54 L.Ed.2d 331 (1977); *State v. Cutler,* 121 Ariz. 328, 590 P.2d 444 (1979). This conviction may be relevant in future criminal proceedings against appellant as to setting bail, availability of probation, and enhancement of sentences under A.R.S. Sec. 13–604(E).

This matter was set for trial on March 21, 1979. On that date, the trial court [1] became concerned with appellant's demeanor and requested that he spend a short period of time in an interview with a psychology intern for the Pima County court clinic who happened to be in the courtroom. Appellant steadfastly opposed any continuance or delay in the proceedings, but complied with the trial judge's request.

After a 15 to 20 minute interview with appellant, the psychology intern was examined by the court. He testified that the time he spent with appellant was insufficient to form a formal opinion of appellant's competency to stand trial. He noted that appellant appeared upset and anxious, and stated that he "would not think that he (appellant) would be capable of dealing with fairly complicated, intellectual and legal issues in a calm, rational manner." The court found there existed reasonable grounds to believe that appellant was unable to assist counsel in his own defense, and ordered a rule 11 examination to be conducted.

17 A.R.S., Rules of Criminal Procedure, rule 11.3 provides:

"Appointment of experts

a. Grounds for Appointment. If the court determines that reasonable grounds for an examination exist, it shall appoint at least two mental health experts, at least one of whom must be a medical doctor, to examine the defendant and to testify regarding his mental condition."

After making its initial finding of reasonable grounds on March 21 and committing appellant to the Arizona State Hospital for examination, the trial court vacated its transportation order the following day and ordered appellant to be evaluated by the county court clinic. Appellant was then examined by Dr. Ginnetti, director of the clinic, who stated in her psychological evaluation:

"In summary, this is a Caucasian male of average intelligence who, under the stress and depression occasioned by a significant loss, appears to have suffered a paranoid episode, during which he was unable to think clearly and reason logically. He does not appear paranoid at the current time and seems willing to cooperate with his counsel."

The court then ordered the cause reset for trial with no rule 11 examination to be conducted.

Appellant contends that the trial court erred in discontinuing the rule 11 proceedings on the basis of Dr. Ginnetti's report. He argues that since rule 11.3(a) indicates upon the determination that reasonable grounds exist, the court "shall" appoint at least two mental health experts to examine the defendant, the trial court had no power to vacate its previous order directing an examination. He also contends that his conduct during court appearances belied his competency.

■ It is well established that the trial court has broad discretion in determining if reasonable grounds exist under rule 11.3(a), and unless there has been a manifest abuse of this discretion, we will uphold its actions. *State v. Ohta,* 114 Ariz. 489, 562 P.2d 369 (1977); *State v. Verdugo,* 112 Ariz. 288, 541 P.2d 388 (1975).

■ It is entirely appropriate for the court to hold a preliminary hearing to determine if reasonable grounds exist for a rule 11 examination. *State v. Cook,* 115 Ariz. 188, 564 P.2d 877 (1977); *State v. Messier,* 114 Ariz. 522, 562 P.2d 402 (App. 1977). The trial judge, however, must be careful that this preliminary hearing does not become a determination of competency itself. *State v. Messier,* supra. Our review of the record indicates that the trial judge

---

1. The Honorable William E. Druke sat on the March rule 11 matters, while the Honorable Norman S. Fenton sat at the trial and sentencing.

diligently inquired into whether reasonable grounds existed for an examination. His examination of the psychology intern and request for a full court clinic evaluation were part of his determination of reasonable grounds for examination, not competency itself. We see no error in vacating the rule 11 proceedings after Dr. Ginnetti's evaluation, which was much more complete and reliable than that of the intern, showed that there were no reasonable grounds for an examination. There is no substantial evidence in the record that appellant may have been mentally incompetent to stand trial. *But cf., Tillery v. Eyman,* 492 F.2d 1056 (9th Cir. 1974) (where extremely erratic and irrational behavior by defendant during trial was held to compel a competency hearing).

There is sufficient evidence to support the verdict and we find no fundamental error in the record.

Affirmed.

HOWARD and BIRDSALL, JJ., concur.